BREIT BINIAZAN

TRIAL LAWYERS

January 31, 2025

***via email***
Steve Stancliff
Ventker Henderson Stancliff, PLLC
256 West Freemason Street
Norfolk, VA 23510
sstancliff@ventkerlaw.com

Colonial Heights, VA 23834

RE: Kent Oakey, Administrator of the Estate of Kenneth Oakey, Deceased, v. COLONNA'S SHIPYARD WEST, LLC.,

Dear Steve,

Please be advised that our firm has been retained by the Estate of Kenneth Oakey to pursue claims in tort arising out of his death alongside the attorneys at Rutter Mills. I am writing with hopes that we can coordinate the disclosure of information prior to filing suit to identify all necessary parties as defendants to this action. All of this is predicated on my understanding, through Mr. Lotkin, that you represent Colonna's Shipyard, which is who I will be referring to in this letter as your client.

First, it is our understanding that the Occupational Safety investigation has not concluded and, therefore, we have not been provided the formal file or documentation contained therein. I suspect your client has been in contact with the investigators and has provided their office documents and materials relating to the incident, your client's safety practices and policies, and Mr. Oakey's position with your client. I ask that you please produce whatever materials have been provided to Occupational Safety investigators to our office as well to streamline the exchange of information we will inevitably receive through other means.

Second, it is our understanding through our preliminary investigation that the barge upon which the incident occurred was owned by Huntington Ingalls. If your client possesses documentation or information regarding the ownership of the vessel that verifies or contradicts this information, we ask that you please provide that to us.

Third, on behalf of the Estate, please accept this as a formal request for the production of Mr. Oakey's entire employment and personnel file maintained by your client. This includes any



PLAINTIFF'S EXHIBIT A

information that has been retained or stored in that file pertaining to this incident, any documents or data identifying his dates of service, scheduled shifts, general responsibilities and duties, and pay.

Finally, while I fully anticipate and trust that your client has been taking all reasonable measures to preserve all evidence that may be relevant to this matter consistent with its legal obligations, please accept this letter as further instruction to your client to take all reasonable measures to preserve any and all evidence that may be relevant to the forthcoming litigation. This includes, but is not limited to, the categories of documentation and electronically stored information identified below:

1. All video surveillance and other recordings at the time of the incident, for the 48 hours leading up to the time of the incident, and the 48 hours following the incident throughout your client's property and upon its vessels, including any video depicting Mr. Oakey or the Barge at issue (this request is not only intended to identify the footage itself but all eye witnesses or persons present on the property with knowledge and information of the events leading up to the incident, the incident itself, and all where on the premises or participated in the investigation immediately following);

2. All maintenance and repair records for the Barge at issue;

3. All training materials and records of training of Mr. Oakey and others regarding safe work practices;

4. All work schedules or other documentation identifying all who were present at the premises and vessel at the time of the incident;

5. All communication (written or otherwise recorded) pertaining to the work Mr. Oakey was being asked to perform on the date of the incident, the underlying condition of the Barge resulting in the request for work, and all communications regarding the incident and completion of the work after the subject incident;

6. Any structures or materials, including ladders, used by Mr. Oakey on the date of the incident;

7. All documentation, including chain of custody, identifying any person who has interacted with, touched, or modified the structures or materials, including ladders, used by Mr. Oakey on the date of the incident;

8. All documentation, including chain of custody, identifying any person who has interacted with, touched, or modified the electronic or physical systems responsible for the recording and storage video surveillance that is responsive to request number 1 above.

I ask that you please respond to the requests for documentation and materials within fourteen (14) days. If you have any questions or would like to discuss, please do not hesitate to call.

Sincerely,

Kevin Biniazan

KB/kv
cc: Adam Lotkin, Esq.