UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>*Limitation Plaintiff.* | Case No. 2:25-cv-00706-EWH-RJK |

**MARMAC, LLC d/b/a MCDONOUGH MARINE SERVICE**
<u>**ANSWER AND CLAIM IN LIMITATION ACTION**</u>

MARMAC, LLC d/b/a MCDONOUGH MARINE SERVICE'S ("Claimant or MMS"), by and through undersigned counsel, hereby files this Answer and Claim in the above captioned matter filed by COLONNA'S SHIPYARD, INC. ("Colonna's"), and states as follows:

1. MMS does not contest jurisdiction in this matter.

2. The allegations in Paragraph 2 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, MMS does not contest this Court's jurisdiction.

3. MMS admits the allegations in Paragraph 3 of the Complaint.

4. MMS admits the allegations in Paragraph 4 of the Complaint.

5. MMS does not contest venue in this matter.

6. MMS admits the allegations in Paragraph 6 of the Complaint.

7. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. MMS admits the allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, MMS states that the Charter is the best evidence of its terms and speaks for itself.

10. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. MMS admits only that there is a case in the Circuit Court for the City of Norfolk, Virginia identified as CL25008529-00. MMS lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32. MMS admits the allegations in Paragraph 32 of the Complaint.

33. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint.

35. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40. MMS lacks sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint.

41. MMS lacks sufficient information to admit or deny the Petitioner's *ad damnum* and requested relief in the Complaint.

42. All allegations in the Complaint that are not expressly admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

1. MMC bears no fault for any claims asserted in these proceedings, as it was the owner of a barge subject to a barge bareboat charter and was not in possession, command, or operational control the barge at the time of the incident.

2. Should liability be found, which is expressly denied, Colonna's Shipyard, Inc., as Owner *Pro Hac Vice* and Operator of Barge U 806, O.N., 1237946 shall indemnify MMS for any claims asserted against it.

3. MMS pleads the benefit of any contract in existence between it and any other claimant or defendant in this matter, with such protections extending to these proceedings, as well as any in the underlying proceedings.

4. Should liability be found, which is expressly denied, MMS is entitled to exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., as any loss or damage occurred without the privity or knowledge of MMS.

5. MMS is entitled to contractual indemnity, defense, and insurance coverage pursuant to the bareboat charter and any other applicable agreements, including reimbursement of attorneys' fees, costs, and other defense expenses.

6. MMS affirmatively pleads all statutory and maritime limitations on recoverable damages, including limitations on non-pecuniary damages, to the extent applicable under Federal Maritime Law.

7. Any allegations contained in any unnumbered, prefatory, ancillary or conclusory paragraphs of the Complaint are categorically denied.

8. MMS specifically reserves the right to amend and/or supplement its Answer and bring such other claims by way of Cross-Claims or Third-Party Demands as it may deem appropriate as additional facts become known.

9. To the extent any allegation in the Complaint is not expressly admitted herein, it is denied.

## **CLAIM**

MARMAC, LLC d/b/a MCDONOUGH MARINE SERVICE ("Claimant" or "MMS"), asserts a claim in this litigation against Colonna's Shipyard, Inc.

1. MARMAC, LLC is a Louisiana Limited Liability Company whose principal place of businesses in Jefferson Parish, Louisiana.

2. MARMAC, LLC is authorized to do business as McDonough Marine Service in the Commonwealth Virginia.

3. MMS is the owner of the Barge U 806, the vessel made subject of this Limitation.

4. MMS asserts this claim against Colonna's and states the following:

   a. On or about September 20, 2023, Colonna's Shipyard, Inc. entered into and operated under a bareboat (demise) charter for Barge U 806, pursuant to which Colonna's assumed possession, command, and operational control of the vessel.

   b. On or about October 21, 2025, Kent Oakley, Administrator of the Estate of Kenneth Oakey ("Estate") filed lawsuit in the Circuit Court for the City of

6

Norfolk, Virginia ("Norfolk Circuit Court") naming Colonna's Shipyard as a defendant.

c. The claims asserted by the Estate in the Norfolk Circuit Court arise under Federal Maritime Law, including claims for vessel negligence pursuant to 33 U.S.C. § 905(b) and claims under the General Maritime Law.

d. Under Federal Maritime Law, including 33 U.S.C. § 905(b) and General Maritime Law, multiple tortfeasors may be jointly and severally liable to the plaintiff.

e. To the extent that MMS is deemed liable, in part, which is wholly denied, and is called upon to pay more than its share of a judgment, MMS is vested with a right to seek contribution from Colonna's Shipyard, LLC for its virile share of the damages.

f. To the extent that MMS is deemed liable, in part, which is wholly denied, and is called upon to pay more than its share of a judgment, MMS is vested with a right to seek full indemnification and to be held harmless by Colonna's Shipyard, Inc., including but not limited to reimbursement of all attorneys' fees, costs, and other legal expenses incurred in defending against the claims asserted in this matter.

WHEREFORE, Claimant MARMAC, LLC d/b/a McDonough Marine Service, by counsel, prays that its Answer and Claim be deemed good and sufficient; that judgment be entered in favor of MARMAC, LLC and against Petitioner Colonna's Shipyard, Inc. for contribution, contractual indemnity, and defense costs, including attorneys' fees and expenses, together with any additional

losses and expenses accruing and to be determined, legal interest as allowed by law, costs of court, and such other and further general and equitable relief as the Court deems just and proper.

Dated: <u>December 16, 2025</u>                    **MARMAC, LLC d/b/a MCDONOUGH MARINE SERVICE**

<u>/s/ K. Barrett Luxhoj</u>
James L. Chapman, IV, VSB No. 21983
K. Barrett Luxhoj, VSB No. 86302
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
mpensyl@cwm-law.com
*Counsel for MARMAC, LLC d/b/a McDonough Marine Service*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

<u>/s/ K. Barrett Luxhoj</u>
K. Barrett Luxhoj, VSB No. 86302
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
kbluxhoj@cwm-law.com
*Counsel for MARMAC, LLC d/b/a McDonough Marine Service*