UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>*Limitation Plaintiff.* | Case No.: 2:25-cv-00706 – EWH-RJK |

### ENTRY OF DEFAULT AGAINST
### NON-APPEARING PARTIES AND NON-ASSERTED CLAIMS

This Cause having come before the undersigned Clerk of Court on Limitation Plaintiff's Request for Entry of Default Against Non-Appearing Parties and Non-Asserted Claims, and having reviewed the record herein, the undersigned finds that:

1. On November 3, 2025, Limitation Plaintiff filed a Complaint in Admiralty for Exoneration from or Limitation of Liability pursuant to Limitation of Liability Act, 46 U.S.C. §§30501, *et seq.*, and Supplemental Rule F(9) of the Federal Rules of Civil Procedure and Local Rule 3(c) for any injuries, damages, or losses of whatever description arising from the Voyage of the barge U 806 (the "Vessel") from on or about September 28, 2023, until October 5, 2023, and an alleged incident on or about September 30, 2023, in which Kenneth J. Oakey was allegedly injured while in the performance of his duties.

2. Pursuant to Supplemental Rule F(4), a Notice of Complaint in Admiralty for Exoneration from or Limitation of Liability ("Notice") was duly issued by the Clerk on November 12, 2025, ECF 9, giving notice to "(a)ll persons having claims" arising out of the operation of the vessel U 806, O.N. 1237946, incident to its voyage commencing on or about

September 28, 2023.  The Notice directed that all persons having such claims must file them as provided for in Supplemental Rule F with the Clerk of Court, and serve on or mail to Limitation Plaintiff's attorney a copy on or before December 16, 2025, "or be defaulted," and directed any claimant desiring to contest Limitation Plaintiff' allegations to file an answer to the Complaint as required by the aforesaid Supplemental Rule F(5).

3. Also pursuant to Supplemental Rule F(4), the Court issued an Injunction and Notice Order, ECF 8, on November 12, 2025, ordering that public notice be given by publication thereof in The Virginian Pilot newspaper, and that Limitation Plaintiff shall also mail, not later than the day of the second publication, a copy of said Notice to every person known to have made or who may make a claim against Limitation Plaintiff arising out of the said incident that is the subject of the limitation action. Said mailing and public notice has been made. See Notice of Filing Affidavits of Publication. ECF 19.

4. The deadline for receipt of claims and answers has expired. The following Claims and Answers have been filed in this action:

a. Answer and Claim of Kent Oakey, filed December 16, 2025. ECF 11.

b. Answer and Claim of MARMAC, LLC d/b/a McDONOUGH MARINE SERVICES, filed December 16, 2025. ECF 17.

5. In the aforementioned Claim, ECF 11, Kent Oakey asserts claims of negligence of the vessel and maritime negligence, and MARMAC, LLC asserts a claim for indemnity and contribution.

6. No other person or party has filed any claims or pleadings in this matter.

THEREFORE, pursuant to Rule 55(b)(1), default is hereby entered against all other parties having an interest in this matter and as to all claims arising from the Voyage at issue, except the Claims by Kent Oakey and MARMAC, LLC d/b/a McDONOUGH MARINE SERVICES, in this action.

Dated: 12/23/2025

Fernando Galindo, Clerk

_____
United States District Court Eastern District of Virginia