UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

|  |  |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N. 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>_Limitation Plaintiff._ | Case No.: 2:25-cv-00706- EWH-RJK |

### LIMITATION PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIM OF CLAIMANT KENT OAKEY

COMES NOW, COLONNA'S SHIPYARD, INC. ("Colonna's Shipyard"), by counsel, and pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), as and for its Motion to Dismiss the Claim of Kent Oakey, and in the alternative, for Summary Judgment pursuant to Rule 56, states as follows:

Oakey's Claim for damages against Colonna's Shipyard, ECF 11, should be dismissed because it fails to state a viable cause of action against his employer, Colonna's Shipyard, as a matter of law. Oakey' Claim is barred by the exclusivity provisions within the Longshore Harbor Workers Compensation Act. From the pleadings, the Court should conclude as a matter of law that decedent was a maritime worker employed by Colonna's Shipyard, and that his work—including at the time of the alleged incident—evidences his status as a shipbuilder or ship repairer under the Longshore Act.  It is beyond dispute that the incident occurred upon his employer's vessel situated upon the navigable waters and that decedent was performing repair work on shipyard equipment at the time of the alleged incident.

This case arises out of a shipyard incident involving a shipyard worker injured aboard a vessel that was bareboat chartered and owned *pro hac vice* by his employer. Claimant Oakey aims to circumvent the plain statutory bar to his Claim by speciously alleging decedent's employment did not involve ship repair services. This argument is erroneous, belies the facts of decedent's employment and actual work at the time of the incident, and is contrary to statutory language and legal precedent binding on this honorable Court. Characterization of decedent's work is not an issue of disputed fact, but a conclusion to be drawn from the circumstances of the alleged incident. While Mr. Oakey may have previously been employed exclusively as an automotive mechanic by his prior employers, he was not employed as such by Colonna's Shipyard. Rather, decedent was employed as a 1st Class Mechanic in Colonna's Shipyard maintenance department, where he performed maintenance on all manner of industrial equipment, vessels, and other machines used in the ship repair process. The essential duties for the position that he applied for and worked in included boarding vessels to work on equipment as required. On the day of the incident, he boarded his employer's vessel and worked on industrial equipment. Oakey admits that decedent was neither a stevedore nor a member of the vessel's crew. Oakey Answer and Claim, ECF 11, at ¶27 and ¶28. Colonna's Shipyard was Mr. Oakey's "employer" as the term is defined in 33 U.S.C. § 902(4). Mr. Oakey was an "employee" of Colonna's Shipyard as the term is defined in 33 U.S.C. § 902(3).

Under the circumstances, where his employer is the owner *pro hac vice* of the vessel upon which the alleged injuries were sustained, Oakey's sole remedy is contained within the Longshore Act, 33 U.S.C. §§ 904 and 909. Considering the facts and allegations in the Complaint and Oakey's Answer and Claim, the Court should conclude that Mr. Oakey was a maritime worker who was employed for and engaged in the ship repair services for his employer,

and because the incident occurred on his employer's vessel his exclusive remedy is the benefits prescribed in the Longshore Act. Oakey's claim rightfully alleges that he was at his employer's shipyard and "Colonna's was the owner *pro hac vice*" of the vessel. Oakey Answer and Claim, ECF 11, at ¶7 and ¶11.

Because the statutory prohibitions against the claims in this case are unavoidable under the facts. Amendment would be futile under the circumstances and all claims should be dismissed with prejudice.

## FACTS

Although the necessary facts to resolve this motion are set forth in Oakey's Answer and Claim, we set forth additional facts for the sake of background and context.

1. On May 19, 2023, Mr. Oakey applied to Colonna's Shipyard for employment as a "1st Class Maintenance Mechanic" within the shipyard's maintenance department. *See*, Job Description, Application for Employment, and Pre-Employment records, true copies of which are attached as Exhibit A.

2. The advertised job description for the 1st Class Maintenance Mechanic position to which Mr. Oakey applied and was hired, contained a description of "ESSENTIAL DUTIES AND RESPONSIBILITIES," that included "Board ships via stairs, ladders, and gangways with tool bags and needed equipment" and "Install, repair, maintain, test, and adjust fixed and semi-fixed industrial equipment and machinery such as cranes, pumps, engines, motors, pneumatic tools, conveyor systems, and production machinery," among other things. *Id*.

3. Mr. Oakey began his employment as a 1st Class Mechanic at Colonna's Shipyard on June 12, 2023, and completed various safety training programs related to his shipyard employment that same day.

4. He received additional training, and on August 4, 2023, Mr. Oakey was issued a certificate for successfully completing the Occupational Safety and Health Administration's "10-hour Maritime: Shipyard Employment."

5. Oakey admits that decedent was not employed by Colonna's Shipyard as a stevedore. Oakey Answer and Claim, ECF 11, at ¶27.

6. Oakey admits that decedent was not employed by Colonna's Shipyard as a crewmember of barge U 806 or any other vessel. Oakey Answer and Claim, ECF 11, at ¶28.

7. On September 30, 2023, Mr. Oakey was aboard Barge U 806, performing maintenance and repairs to a piece of industrial equipment used in the ship repair process, a Scheuerle Shipyard Lift Transporter. This work was essential to support and contribute to the shipyard's operations in building and repairing vessels.

8. Barge U 806 is a non-self-propelled, unmanned, deck barge.

9. On September 30, 2023, Mr. Oakey was injured when he fell from the Lift Transporter onto the deck of barge U 806.

10. Colonna's Shipyard issued payments in accordance with its obligations as prescribed by the Longshore Act. *See* United States Department of Labor letter to Colonna's Shipyard, dated November 21, 2024, acknowledging "The Division of Federal Employees', Longshore and Harbor Workers' Compensation is in receipt of [Colonna's] payment for [its] Section 14(g), 30(e), or Section 44(c) payment for the death of an employee without dependent…" A true copy is attached as Exhibit B.

## STANDARD OF REVIEW

This Court has recently described the applicable standard of review for a motion to dismiss under Rule 12(b)(6), as follows:

> A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.' " *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

*Martin v. Tysinger Motor Co., Inc.*, E.D. Va. No. 2:22CV70, 2022 WL 20370720, at *2 (E.D. Va. Nov. 7, 2022).

The determination of whether to dismiss with prejudice is within the Court's discretion. *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). A court may deny leave to amend for reasons including that amendment would be futile. *Glaser v. Enzo Biochem, Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005)(affirming District Court's ruling refusing leave to amend and concluding certain "claims were barred as a matter of law" and agreeing "amendment as to these claims would be futile.").

## DISCUSSION

**1. Claimant Oakey's Claim under 33 U.S.C. § 905(b) must be dismissed because it fails to state a viable cause of action.**

Because Mr. Oakey was a shipyard worker employed to provide services as a ship repairer the claims asserted by his estate are statutorily barred against his employer, who is also the owner *pro hac vice* of the vessel. Congress enacted the Longshore and Harbor Workers Compensation Act, as amended, to provide a no-fault remedy to injured workers and clarity to maritime employers as to liability for injuries to employees. *Newport News Shipbuilding & Dry Dock Co. v. Brown*, 376 F.3d 245, 249-50 (4th Cir. 2004).

> The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death…

33 U.S.C. § 905(a). The exclusivity provision makes clear that any remedies available to an employee covered by the Act are contained within the four corners of the Act and only in very limited circumstances may a third party action lie. In the context of a death, those benefits are set forth in Section 909.

In 1972 Congress enacted Section 905(b) of the LHWCA which expressly eliminated the unseaworthiness action for all employees covered by the Act. *Morehead v. Atkinson-Kiewit, J/V*, 97 F.3d 603, 607 (1st Cir. 1996). In 1984 Congress further narrowed the availability of negligence actions enumerated certain instances where no action at law could be sustained by a worker covered by the act. *See* Pub. L. 98–426 (S 38), Sept. 28, 1984, 98 Stat 1639. In the 1984 amendments "Congress barred employees providing "shipbuilding, repairing, or breaking services" from suing the employer-vessel owner for negligence in *any* capacity." *Morehead*, 97 F.3d at 608. "One of the essential purposes of the 1972 and 1984 Amendments was to provide employees and employers with a greater degree of certainty as to the coverage in effect." *Id.* at 615. Claimant Oakey now seeks to circumvent the Act. Boarding vessels and repairing equipment, pumps, cranes, fixed systems, and other equipment were included in the essential duties of the shipyard role to which Mr. Oakey applied and was hired. Decedent provided services at the shipyard covering a broad array of equipment and vessels. His employment was as a ship repairer and Oakey is therefore limited to the exclusive remedies provided in the Longshore Act.

In light of the factual allegations in the Complaint and Oakey's Claim and Answer, it is clear that Oakey was a maritime employee providing services as a ship repairer at the time of the alleged incident. Complaint, ECF 1; Oakey Answer and Claim, ECF 11. Indeed, the pleadings establish that he was aboard his employer's vessel doing the work of a ship repairman at the time

of his fall from the transporter on September 30, 2023. *Id.* As such, he is entitled to the exclusive remedies provided in the Longshore Act but may not maintain any action in tort against Colonna's Shipyard.

Injured employees are barred from asserting a cause of action against an employer that is a vessel owner by the very provision that Claimant relies on to assert his claims in this case:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. **If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer…**

33 U.S.C.A. § 905(b)(**emphasis** added).

Decedent's services at the shipyard—and on the day of the incident—were essential to the shipbuilding and ship repair operations at the shipyard. It is undisputed that he was working on and repairing shipyard equipment situated on his employer's vessel. As the Fourth Circuit held in *Newport News Shipbuilding & Dry Dock Co. v. Graham*, involving an injury to a mechanic in the maintenance department of a shipyard "Because [the worker's] maintenance was essential to keeping the shipyard's machinery in working order for the construction of ships, we conclude that he was a shipbuilder within the meaning of the [Longshoremen's and Harbor Workers' Compensation] Act." 573 F.2d 167 (4th Cir. 1978). The nature of the work in which Mr. Oakey was engaged at the time of the incident and that of the injured mechanic in *Graham*

are strikingly similar – maintenance of equipment essential to the shipbuilding and ship repair process. *Graham* is controlling. Mr. Oakey was employed to provide and did provide services as a ship repairer.

Mechanics in shipyard maintenance departments have been held to be ship builders and ship repairment by courts in other jurisdictions and limited to the exclusive remedies available under the LHWCA. In *Easley v. S. Shipbuilding Corp.,* a mechanic in the shipyard's maintenance department was found to be a shipbuilder or repairman and was accordingly barred from maintaining an action for negligence against his employer or the vessel. 936 F.2d 839, 841 (5th Cir. 1991), *cert. granted, judgment vacated,* 503 U.S. 930, 112 S. Ct. 1463, 117 L. Ed. 2d 610 (1992) (affirming district court's holding that shipyard mechanic is a shipbuilder or ship repairman "because a substantial amount of his work contributed to the shipbuilding/repair process, Easley was a shipbuilder or ship repairman" and that he may not maintain an action for negligence against his employer or the vessel.). The duties of the injured mechanic in that case included "repairing land cranes, locomotive cranes, and yard equipment, cutting frass, working in the compressor room, and maintaining Souther's dry dock. In addition to these jobs, Easley occasionally worked as a substitute deckhand[.]" *Id.* at 841. The court found that he was not entitled to maintain a claim under the general maritime law and that "[h]is remedies will only be found within the four corners of the LHWCA. *Id.* at 845. Upon rehearing by the Fifth Circuit, the Court affirmed the district court holding. *See Easley v. S. Shipbuilding Corp.,* 965 F.2d 1, 5 (5th Cir. 1992)("holding of the district court that Easley is not entitled to bring a negligence action either as a seaman under the Jones Act or as a ship repairer under § 905(b) of the LHWCA is AFFIRMED"). *See* also *Doty v. Tappan Zee Constructors, LLC*, 831 Fed. Appx 10, 12 (2d. Cir.

2020)(holding 905(b) claim is barred against vessel owning employer). Claimant Oakey seeks to upend decades of settled law.

Claimant's so called 905(b) claim includes an erroneous and incoherent amalgamation of the various *Scindia* duties without identifying any act, omission, or condition attributable to the vessel, vessel owner, or his employer. *See Scindia Steam Nav. Co. v. De Los Santos,* 451 U.S. 156, 172, 101 S. Ct. 1614, 1624, 68 L. Ed. 2d 1 (1981)(describing three duties owed to stevedores as the "turnover duty;" a duty to exercise reasonable care for areas remaining under "active control of the vessel" after stevedoring operations begin; and the "duty to intervene" with cargo operations in areas under the vessel's control.) In paragraphs 16 and 17, claimant infers the "turn over" of the vessel and equipment is breached due to an unspecified "dangerous condition under the circumstances." Paragraphs 18 and 19 similarly allude to the active control duty outlined by the Supreme Court in *Scindia* and concludes without any fact or specifying any condition that the duty was breached. Paragraphs 20 and 21 then allege "acquired actual knowledge" without specifying what such knowledge is referencing to allege a breach of the duty to intervene. Oakey Answer and Claim, ECF 11. Oakey expressly and correctly denies that decedent was a stevedore, and his allegations do not point to any act, omission, or condition but vaguely allude to the so-called *Scindia* duties and allege a breach of each. Notably, however, Claimant's Answer also admits that Mr. Oakey was not a stevedore making those allegations and the alleged but contrived breaches thereof are wholly irrelevant to the case at bar. ECF 11, at ¶27.

As it is settled law that a maintenance worker in a shipyard that is working on a piece of his employer's industrial equipment used in the ship repair process at the time of an injury is a

ship repairer under the Act and his injury occurred on his employer's vessel, the claim under 905(b) must be dismissed.

### 2. No general maritime law tort action lies against Colonna's Shipyard.

No tort action under the general maritime law lies against Colonna's Shipyard as it was Mr. Oakey's employer and Colonna's Shipyard is entitled to exoneration for the tort action. *See* 33 U.S.C. § 905(a) ("The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee"); *Richardson v. Norfolk Shipbuilding and Drydock Corp.*, 621 F.2d 633 (4th Cir. 1980)(holding negligence action against vessel owner-employer is barred by exclusivity provision of 33 U.S.C. § 905); *Jones v. E.I. du Pont de Nemours & Co.,* No. CV 2:07-00536, 2008 WL 11429516, at *3 (S.D.W. Va. Feb. 11, 2008)(granting motion to dismiss longshoreman's general maritime law claim for negligence against vessel).

The remedy sought by Claimant's general maritime law tort claim is unavailable and plainly barred by the exclusivity provision. "Worker's compensation under the LHWCA is the exclusive remedy for an employee against his employer because the Act bars all common law tort actions against the employer" *Pierce v. BP Am. Prod. Co.,* 606 F. Supp. 3d 320, 329 (E.D. La. 2022).quoting *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1243 (5th Cir.), amended on reh'g in part sub nom. *Melancon v. Amoco Prods. Co.*, 841 F.2d 572 (5th Cir. 1988). Indeed, the Fourth Circuit has stated that "[c]overed employees cannot bring a personal injury action against their employer; their only remedy with regard to their employer is through the LHWCA." *See White v. Bethlehem Steel Corp.,* 222 F.3d 146, 148 (4th Cir. 2000)(Affirming dismissal of borrowed employee's action brought under LHWCA and noting "Because the LHWCA mandates that an employee's sole remedy with regard to his employer is through the LHWCA,

the court dismissed White's tort action."). The Fourth Circuit in *White* also considered the broader impact on the Longshore Act presented by the case

> Allowing a case this clear to go to the jury would undercut the value of the worker's compensation system, which is predicated on a no-fault regime and quick recovery…A trial on such undisputed facts would harm the very workers who are injured by creating incentives for employers to distrust the workers' compensation system and to work against its operation.

*Id.* at 150 (internal references omitted). If the plain statutory bar were not enough, considering the impact of Oakey's claim in the context of the Longshore Act as the Fourth Circuit did in *White* provides further reasoning to dismiss the claims as so too would Oakey's claims harm and undercut the Act.

Claimant is mistaken on the viability of a general maritime law negligence claim against Colonna's Shipyard in this case. The exclusivity provision of the Longshore Act unequivocally limits available remedies to those available under the Act. *See* 33 U.S.C. § 905. Count II fails as a matter of law.

## CONCLUSION

Decedent was a maritime worker and ship repairer under the Longshore Act. He was injured on his shipyard employer's vessel doing his employer's work. Accordingly, Oakey's Claim fails to state a claim as a matter of law and should be dismissed with prejudice because his remedies are limited by law to those provided for under the Longshore Act.

Dated: December 30, 2025

**COLONNA'S SHIPYARD, INC.**

/s/ Steven M. Stancliff
Steven M. Stancliff (VSB No. 73853)
James J. Levantino (VSB No. 97082)
VENTKER HENDERSON STANCLIFF, PLLC

        256 W. Freemason Street
        Norfolk, VA 23510
        Tel:    (757) 675-9464
        Fax:   (757) 625-1475
        sstancliff@ventkerlaw.com
        jlevantino@ventkerlaw.com
        *Counsel for Limitation Plaintiff*
        *Colonna's Shipyard, Inc.*

**Certificate of Service**

      I hereby certify that on this date, December 30, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all counsel of record:

| | |
|---|---|
| Kevin Biniazan, Esq. (VSB No. 92109)<br>Lauren A. Martin, Esq. (VSB No. 93653)<br>BREIT BINIAZAN P.C.<br>600 22nd Street, Suite 402<br>Virginia Beach, Virginia 23451<br>Tel: (757) 622-6000<br>kevin@bbtrial.com<br>lmartin@bbtrial.com<br><br>and<br><br>Adam H. Lotkin, Esq. (VSB No. 45588)<br>R. Maxwell Baker, Esq.<br>(VSB No. 100825)<br>RUTTER MILLS, LLP<br>160 W. Brambleton Ave.<br>Norfolk, VA 23510<br>Tel: (757) 622-5000<br>Adam.Lotkin@ruttermills.com<br>Max.Baker@ruttermills.com<br><br>*Counsel for Claimant Kent Oakey,*<br>*Administrator of the Estate of Kenneth*<br>*Oakey, deceased* | James L. Chapman, IV, Esq.<br>(VSB No. 21983)<br>K. Barrett Luxhoj, Esq. (VSB No. 86302)<br>Mackenzie R. Pensyl, Esq.<br>(VSB No. 100012)<br>CRENSHAW, WARE & MARTIN, P.L.C.<br>150 W. Main Street, Suite 1923<br>Norfolk, Virginia 23510<br>Tel: (757) 623-3000<br>jchapman@cwm-law.com<br>kbluxhoj@cwm-law.com<br>mpensyl@cwm-law.com<br><br>*Counsel for MARMAC, LLC d/b/a*<br>*McDonough Marine Service* |

**COLONNA'S SHIPYARD, INC.**

    /s/ Steven M. Stancliff
Steven M. Stancliff (VSB No. 73853)
VENTKER HENDERSON STANCLIFF, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:   (757) 802-3727
Fax:  (757) 625-1475
sstancliff@ventkerlaw.com
*Counsel for Limitation Plaintiff*
*Colonna's Shipyard, Inc.*