**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY )))))) | **Case No.: 2:25-cv-00706 – EWH-RJK** |
| *Limitation Plaintiff.* )) | |

<u>**LIMITATION PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CLAIMANT OAKEY'S MOTION TO DISMISS COMPLAINT IN ADMIRALTY FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**</u>

COMES NOW, Limitation Plaintiff, Colonna's Shipyard, Inc. ("Colonna's Shipyard"), by counsel, and for its Memorandum in Opposition to *Claimant Oakey's Motion to Dismiss Complaint in Admiralty for Lack of Subject Matter Jurisdiction, or, in the alternative, Motion for Summary Judgment*, ECF 12, states as follows:

**STATEMENT OF THE CASE**

Claimant Oakey motion, ECF 12, is without merit and should be denied. Oakey argues that Colonna's Shipyard Limitation Action is untimely. It is not. Claimant argues that a letter of representation, dated January 31, 2025 ("the letter"), sent from his counsel—mischaracterized as a "Notice of Claim"— triggered the six-month time to file a Limitation Action. It did not. This limitation action was timely filed after Oakey commenced a lawsuit in state court. Oakey's underlying Claim in this action is also without merit and should be dismissed.

Claimant Oakey erroneously asserts that the timely filing of an action under the Limitation Act is jurisdictional. But it is well established that the six-month filing period is *not*

jurisdictional. Recent cases in this Court and around the country have held that "the Limitation Act's time bar is not jurisdictional" and "it is not appropriate to raise in a motion challenging the Court's subject matter jurisdiction." *In the Matter of The Complaint of Jackson Creek Marine, LLC As Owner of the Tug Jacquiline A.*, 2:23cv115(E. D. Va. 2023)(Hanes, E.). Oakey's motion may be denied on this basis alone.

The letter that serves as the basis for Claimant's motion is insufficient to trigger the six-month clock to initiate an action under the Shipowner's Limitation of Liability Act and does not suffice as a written notice of claim. The letter does not meet the criteria repeatedly applied by this Court in reviewing this issue. It is not addressed to Colonna's Shipyard, Inc., nor does it mention Colonna's Shipyard, Inc. It does not blame Colonna's Shipyard for any loss nor does it indicate that it will file a suit against Colonna's Shipyard as Mr. Oakey's employer or the vessel owner. It does not state that there was any negligence attributable to Colonna's Shipyard or the vessel. It does not blame the vessel in anyway. It does not demand anything of Colonna's Shipyard. It does not call upon the vessel owner for anything due to claimant. *See Norfolk Dredging Co. v. Wiley*, 357 F. Supp. 2d 944, 947–49 (E.D. Va. 2005) (Beach Smith, J). In its best light, as counsel states in the letter, it is to "coordinate the disclosure of information" and to preserve evidence and identify parties. The cryptic letter is not addressed to the decedent shipyard worker's employer that was also the owner *pro hac vice* of the vessel in the "re" line, but instead addressed to a different entity that had no rights or interest in the vessel.

As was stated in the response to Claimant's letter, no action or claim in tort or otherwise lies against Colonna's Shipyard because it was Mr. Oakey's employer and the exclusive remedy available to the estate is provided by the Longshore Act. Undersigned counsel's response also made clear that no 905(b) action lies because Colonna's Shipyard was Oakey's employer and the

vessel owner *pro hac vice. See* 33 U.S.C. 905(b)(…"if such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent operator, or charterer of the vessel, no such action shall be permitted in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice…"). Then, Oakey filed suit in state court.

Claimant's letter was transmitted by E-mail as an attached pdf file. Neither the E-mail nor the attached file identified the letter as a notice of claim, and certainly not a "Notice of Claim." The name of the electronic pdf document itself was aptly named, "KB ltr to Stancliff re representation of Colonnas Shipyard." Exhibit A. On its face the letter notes Oakey's understanding that "the barge upon which the incident occurred was owned by Huntington Ingalls." Huntington Ingalls is a stranger to this litigation that did not have any interest in the vessel. The letter does not include the vessel in the subject line nor does it allege any fault that could be attributable to the vessel or the vessel owner that would reasonably trigger the six-month clock. And it does not indicate any reasonable possibility that any "tort" claims was being asserted against Colonna's Shipyard—which is immune from tort actions under the circumstances. Oakey's letter certainly provides no indication that any potential claim would exceed the value of the vessel and it fails to quantify the alleged tort claim in any manner. The letter was correspondence between lawyers that does not give notice to the vessel owner of a reasonable possibility of claims. Subsequently claiming that the ambiguous letter is a so-called Notice of Claim ignores the contents of the letter, the name of the letter, the circumstances of its transmittal, and this Court's decisions on the same issue.

Instead of stating that it will file suit against the vessel owner or the decedent's employer, the letter givens notice of representation, seeks production of documents and other information,

seeks information about unrelated parties. It does use the words prior to filing suit but does not state against whom such "tort" suit would be brought as there is a plain bar against such claims being brought against the decedent's employer. *See* 33 U.S.C. 905(a) ("The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, or anyone otherwise entitled to recover damages from such employer at law or in admiralty…"). The letter does not provide reasonable notice of any colorable claim that may be brought against the employer or the employer vessel owner. It does not meet the standards repeatedly applied by this court. This Court has repeatedly recognized that it is no small undertaking to initiate an action under the Limitation of Liability Act and has rightly required that to trigger the six month period in Section 30511 a writing *must* give notice of a reasonable possibility of a claim that will exceed the value of the vessel. *Matter of Vulcan Constr. Materials, LLC*, 427 F. Supp. 3d 694, 699-700 (E.D. Va. 2019). Under a holistic view, as was stated in counsel's letter, it was seeking information and preservation of evidence but it does not constitute written notice of claim. Requiring a vessel owner to initiate limitation proceedings regardless of the amount at issue and without stating that a claim will be asserted against it would unreasonably obligate a shipowner to take extraordinary steps to post security for the vessel when there is no viable claims and would be contrary to the purpose of the Limitation Act. This Court and others looking at the same issue find that the extraordinary imposition on the vessel owner requires a potential claimant to clearly articulate a reasonable possibility that a claim will be brought against the vessel owner. This Court has consistently held that a notice of claim   must inform the vessel owner (1) of a demand of a right or supposed right (2) blame the vessel owner for any damage or loss, and (3) call upon the vessel owner for something due to

claimant. *See Norfolk Dredging Co. v. Wiley*, 357 F. Supp. 2d 944, 947–49 (E.D. Va. 2005) (Beach Smith, J). Claimant's letter does none of these things.

## LEGAL STANDARD

The Limitation of Liability Act, 46 U.S.C. § 30511(a), provides for a civil action, brought by the owner of a vessel for limitation of liability, which "must be brought *within 6 months after a claimant gives the owner written notice of a claim*." (*Emphasis added*). Recent cases in this Court and around the country have held that "the Limitation Act's time bar is not jurisdictional" and "it is not appropriate to raise in a motion challenging the Court's subject matter jurisdiction." *In the Matter of The Complaint of Jackson Creek Marine, LLC As Owner of the Tug Jacquiline A.*, 2:23cv115(E. D. Va. 2023)(Hanes, E.) *See also Martz v. Horazdovsky*, 33 F.4th 1157, 1161 (9th Cir. 2022)(holding that the statute of limitations in 46 U.S.C. § 30511 is not jurisdictional).

What constitutes a "written notice of claim" has not been extensively addressed in case law; indeed, it has not been addressed by the Fourth Circuit in a published opinion since 1939. *See Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co.*, 107 F.2d 373 (4th Cir. 1939). However, this Court has spoken on it, definitively for our purposes here.

Typically, "the filing of a complaint serves as written notice of claim." *In re Complaint of McCarthy Bros. Co.*, 83 F.3d 821, 829 (7th Cir. 1996) (internal citations omitted) ("Before a complaint is filed, delay on the part of the shipowner is harmless—certainly no judicial proceedings have begun—and the purpose of the six-month limitation is not yet actuated."). However, a letter sent to a vessel owner may be sufficient to trigger the six-month period, provided the letter informs the shipowner of an actual or potential claim, which may exceed the value of the vessel, and is subject to limitation. *Doxsee Sea Clam Co. v. Brown,* 13 F.3d 550, 554 (2d Cir. 1994). Other courts have recently described the requirement that to constitute notice of a claim

under section 30511(a) the writing provide notice to the vessel owner of a claim that would be subject to limitation under the Limitation Act. *Martz v. Horazdovsky*, 33 F.4th 1157, 1168 (9th Cir. 2022). "The real danger in failing to hold claimants to a fairly high level of specificity in letters is that the claimant may nullify a shipowner's right to file a limitation action by sending a cryptic letter and then waiting more than six months to file a complaint." *In re McCarthy Bros.*, 83 F.3d at 829–30.

This District has instructive precedent on the issue of what constitutes necessary notice of claim for purposes of the Limitation Act. *See Norfolk Dredging Co. v. Wiley*, 357 F. Supp. 2d 944, 947–49 (E.D. Va. 2005) (Beach Smith, J). After a thorough analysis of the limited case law on the topic, Judge Smith concluded most courts apply a "holistic approach." 357 F. Supp. at 948 (internal citations omitted). Several factors have been considered to determine whether a particular letter will constitute notice under the statute, including "whether the letter (1) informs the vessel owner of claimant's demand of a right or supposed right, (2) blames the vessel owner for any damage or loss, or (3) calls upon the vessel owner for something due claimant. *Id*. at 947–48 (citing *In re Loyd W. Richardson Constr. Co.*, 850 F. Supp. 555, 557 (S.D. Tex. 1993)). Other courts "have placed heavy emphasis on whether the letter gives any indication that the claim may exceed the value of the ship." *Id.* at 948 (citing *In re Salty Sons Sports Fishing, Inc.*, 191 F. Supp. 2d 631, 636 (D. Md. 2002) (holding "written notice *must* indicate a reasonable possibility that the claims would exceed the value of the ship.").

Thus, taking the various factors together, whether the letter "clearly blamed the vessel owner for the injuries sustained and characterized the nature and extent of the injuries," are the integral parts of the Court's analysis. *Norfolk Dredging*, 357 F. Supp. at 948. Moreover, because the Limitation Act requires vessel owners to undergo the burdensome process of posting security

when a limitation action is filed, "courts have traditionally been hesitant to require that such an action be filed in response to a vague letter which fails to specifically threaten suit or give some approximation as to the extent of the owner's liability." *Id.* at 949 (quoting Judge Learned Hand's concurrence in *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586–87 (2d Cir. 1957)). So to be sufficient, the notice must be to the vessel owner and the claim must be one that is subject to the Limitation Act. *Marts*, 33 F. 4th, at1168. In *Matter of Vulcan Constr. Materials, LLC* this Court discussed *Norfolk Dredging* at length in rejecting the sufficiency of a similar letter and specifically found that "[m]ost importantly, the note here fails to "*quantify the claim in any manner*."" 427 F. Supp. 3d 694, 699 (E.D. Va. 2019)(quoting *Norfolk Dredging*, 357 F. Supp. 2d at 948)(*emphasis added*).

        As discussed below in detail, though Claimant Oakey has moved to dismiss for lack of subject matter jurisdiction, the six-month time limit in Section 30511(a) of the Limitation Act is a claims-processing rule that does not implicate the Court's subject matter jurisdiction. Whether Colonna's Shipyard has timely filed this action is therefore resolved on summary judgment and not under Rule 12(b)(1) for lack of subject matter jurisdiction. As such, we will address the summary judgment standard.

        Summary judgment is appropriate when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine dispute "as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 418 (4th Cir. 2004); *see also* Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party ... [and] [a] fact is material if it might affect the outcome of the suit under the governing law." *Jacobs v. N.C.*

*Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (citations omitted). The moving party has the initial burden to show the absence of an essential element of the nonmoving party's case and to demonstrate that the moving party is entitled to judgment as a matter of law. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004); *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 718 (4th Cir. 2003); *see Celotex*, 477 U.S. at 322-25.

When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Honor*, 383 F.3d at 185; *McLean*, 332 F.3d at 718-19. To successfully defeat a motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 330 F. Supp. 2d 668, 671 (E.D. Va. 2004). Rather, there must be sufficient evidence that would enable a reasonable factfinder to return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 252.

Federal Rule 56(c)(1) provides that if a party asserts that a fact cannot be, or is, genuinely disputed, the party must support such assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Mr. Oakey was employed by Colonna's Shipyard at all times relevant.

2.      On January 31, 2025, counsel for Claimant Oakey sent undersigned counsel an

Email with the Subject: "Kent Oakey, Administrator of the Estate of Kenneth Oakey, Deceased."

The Email contained an attached pdf file named, "KB ltr to Stancliff re representation of

Colonna's Shipyard.pdf," which is the letter from Oakey's counsel, re: *Kent Oakey,*

*Administrator of the Estate of Kenneth Oakey, Deceased, v. COLONNA'S SHIPYARD WEST,*

*LLC*. Exhibit A.  ("The letter.")  Oakey contends the letter was a Notice of Claim.

3.      The letter does not reference Colonna's Shipyard, Inc.

4.      The letter references an entity other than Colonna's Shipyard, Inc., namely,

Colonna's Shipyard West, LLC.

5.      The letter does not allege any fault.

6.      The letter does not allege any negligence.

7.      The letter does not quantify any claim in excess of the value of the vessel.

8.      The letter does not indicate any claim will be asserted against the vessel, vessel

owner, or owner *pro hac vice*.

9.      On February 14, 2025, undersigned counsel responded to the January 31, 2025,

letter, noting, in part that:

> "the statutory benefits described in 33 U.S.C. § 909 constitute the exclusive
> remedy for his estate. Claims against decedent's employer and its vessel are
> plainly barred by the exclusivity provisions contained in 33 U.S.C. § 905…."

Exhibit B.

10.     Oakey filed an action against Colonna's Shipyard in the Circuit Court for the City of Norfolk, CL25008529-00, seeking damages of forty-five million dollars and served his First Amended Complaint on October 21, 2025.

11.     Colonna's Shipyard filed this limitation action on November 3, 2025.

## STATEMENT OF DISPUTED MATERIAL FACTS

1.     Decedent was employed by Colonna's Shipyard as a ship repairer.

2.     Decedent was not "caused to fall by a condition or event occurring on the subject vessel."

3.     Oakey's potential remedies are limited to benefits under the Longshore Act.

4.     The January 31, 2025, letter was not sent to the vessel owner or vessel owner *pro hac vice*.

5.     The January 31, 2025, letter was not sent to Mr. Oakey's employer, Colonna's Shipyard, Inc.

6.     The January 31, 2025, letter referenced a corporate entity, COLONNA'S SHIPYARD WEST, LLC, that is not the vessel owner, not the vessel owner *pro hac vice*, and not decedent's employer.

7.     The January 31, 2025, letter makes no mention of any impending lawsuit but makes inquiry about other unrelated parties.

8.     Colonna's Shipyard timely filed the instant action under the Limitation Act.

9.     January 31, 2025, letter does not allege negligence on behalf of Colonna's Shipyard or attribute any fault to Colonna's Shipyard.

10.     The January 31, 2025, letter does not allege negligence on behalf of the vessel or attribute any fault to the vessel.

11.     The January 31, 2025, letter does not quantify any claims that may be brought against Colonna's Shipyard, Inc.

12.     The January 31, 2025, letter was insufficient to trigger the six-month clock for the filing of a limitation action.

## ARGUMENT

### A.  CLAIMANT OAKEY'S MOTION PRESENTS A PREMATURE SUMMARY JUDGEMENT MOTION THAT MUST BE DENIED OR DEFFERED.

#### 1.    The Six-Month Filing Rule is Not Jurisdictional

As the U.S. Supreme Court has noted, "most time bars are nonjurisdictional." *United States v. Wong*, 575 U.S. 402, 410 (2015). The Court in *Wong* was deciding whether the two time limits in the Federal Tort Claims Act ("FTCA") (two years to submit a claim then six months to file suit) were jurisdictional and, if so, whether equitable tolling was available. The Court noted that it has repeatedly held that procedural rules, including time bars, "cabin" a court's power only if Congress clearly states so, and that "absent such a clear statement, courts should treat the restriction as nonjurisdictional." *Id.* at 409 (internal quotations and citations omitted). The Court noted that they have, "time and again" described filing deadlines as "quintessential claim-processing rules" which "seek to promote the orderly progress of litigation, but do not deprive a court of authority to hear a case." *Id.* at 410 (quoting *Henderson v. Shineski*, 562 U.S. 428, 435 (2011)). In fact the Court noted this rule applies "even when the time limit is important (most are)," when "it is framed in mandatory terms," and "however emphatically expressed those terms may be." *Id.* (quoting *Henderson*, 562 U.S. at 439). If a time limit in a federal statute is jurisdictional, Congress must "speak in jurisdictional terms." *Id.* at 411. Where a different statute confers power on federal district courts to hear the claims at issue, without conditioning the grant or linking to the time limit statute, then the time bar is not jurisdictional.

*Id.* at 411-12. The Court therefore found that the FTCA time limits were non-jurisdictional, and therefore they could be equitably tolled. *Id.* at 420-21 (rejecting the argument that the language "shall be forever barred" meant Congress intended the time limit to be jurisdictional).

In recent years, circuit courts deciding whether the time limit in the Limitation Act, 46 U.S.C. § 30511(a), is jurisdictional have followed the Supreme Court's clear direction and found it to be non-jurisdictional. *See Martz v. Horazdovsky*, 33 F.4th 1157, 1163 (9th Cir. 2022); *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787,793-94 (5th Cir. 2021) (overruling its 2012 ruling and finding the time limit to be jurisdictional in light of *Wong*); *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1328-29 (11th Cir. 2019).[1] The Fifth, Ninth, and Eleventh Circuits examined the statutory language, which states that "[t]he action must be brought within 6 months after a claimant gives the owner written notice of a claim." These Courts noted this language does not refer to the court's jurisdiction and is just "mundane statute-of-limitations language" which does not create a jurisdictional limitation. *Martz*, 33 F.4th at 1163 (quoting *Wong*, 575 U.S. at 410); *Orion Marine Constr.*, 918 F.3d at 1328 (noting the text of § 30511(a) creates "a filing deadline of that the sort that the Supreme Court has consistently called a 'quintessential claim-processing rule'") (quoting *Henderson*, 562 U.S. at 435); *In re Bonvillian Marine Serv.*, 19 F.4th at 793 ("Section 30511(a) "speaks only to a claim's timeliness, not to a court's power.")

---

[1] Earlier courts have treated the Limitation Act's time bar to be jurisdictional, but they would not hold muster in light of now decades of Supreme Court jurisprudence on the clear-statement rule. *See Cincinnati Gas & Elec. Co. v. Abel*, 533 F.2d 1001, 1003 (6th Cir. 1976); *Petition of Spearin, Preston & Burrows, Inc.*, 190 F.2d 684, 685-867 (2d Cir. 1951); *see also Orion Marine Constr.*, 918 F.3d at n.2 (noting the Court is "untroubled" that its ruling that Section 305011(a)'s time limit is not jurisdictional "places us athwart the consensus of courts to address § 30522(a)'s jurisdictional status" because many of those decisions "predate the Supreme Court's recent effort to bring some discipline to the use of the term 'jurisdictional' and "represent the sort of drive-by jurisdictional rulings that the Supreme Court has condemned") (internal quotations and citations omitted).

(quoting *Wong*, 575 U.S. at 410). As the Eleventh Circuit reasoned, the jurisdictional grant to hear limitation action cases is found in 28 U.S.C. § 1333(1), which gives federal district courts original jurisdiction over "any civil case of admiralty or maritime jurisdiction." *Orion Marine Constr.*, 918 F.3d at 1329. This grant is nowhere near the Limitation Act's time limit, which is in Title 46 of the U.S. Code. As such, Section 30511(a)'s six-month time bar must be non-jurisdictional. *Id.*

As a non-jurisdictional, claims-processing rule, a motion to dismiss for failure to satisfy the six-month rule is properly decided on summary judgment. As the Eleventh Circuit discussed after ruling that the district court erred in finding the time limit was non-jurisdictional and dismissing under Rule 12(b)(1):

> Where, you might ask, does that leave us procedurally? Fair question. Given the peculiarities of this particular case, the proper course, we think, is to evaluate the merits of the parties' contentions . . . [whether the] claimants gave Orion notice sufficient to commence § 30511(a)'s six-month clock—*under a summary judgment standard.* [D]espite its label, the Dawsons' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is more accurately considered a Rule 12(b)(6) motion to dismiss for failure to state a claim.

*Orion Marine Constr.*, 918 F.3d at 1330 (emphasis added); *see also Martz*, 33 F.4th at 1163 ("We therefore conclude that section 30511(a) is not jurisdictional. So, as both district courts below recognized, the untimeliness of a limitation of liability action is a merits issue appropriately raised in a motion for summary judgment.).

Most recently, reviewing the same issue, this Court held "the Limitation Act's time bar is not jurisdictional" and "it is not appropriate to raise in a motion challenging the Court's subject matter jurisdiction." *In the Matter of The Complaint of Jackson Creek Marine, LLC As Owner of the Tug Jacquiline A.*, 2:23cv115(E. D. Va. November 23, 2023)(Hanes, E.).

### 2.  <u>The Distinction Matters—Unlike Rule (12)(b)(1) Motions, Summary Judgment Motions are Generally Premature Early in the Litigation.</u>

The standards and burdens of proof are quite different under Rule 12(b)(1) and on summary judgment. For Rule 12(b)(1) motions, the party opposing the motion has the burden of proof to show that the Court has subject matter jurisdiction. Because Section 30511(a)'s six-month time limit is non-jurisdictional, however, Claimant's assertion that the limitation action was untimely filed is an affirmative defense for which Claimant bears the burden of proof. *Cf. Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475 (6th Cir. 2007) (noting since the filing time limits at issue are not jurisdictional and are instead "claims-processing rules," they are forfeitable affirmative defenses); *Ray Commc'ns., Inc. v. Clear Channel Commc'ns., Inc.*, 673 F.3d 294, 300 (4th Cir. 2012) (noting generally the proponent of an affirmative defense has the burden of proof); *Herndon v. Mass. Gen. Life Inc. Co.*, 28 F. Supp. 2d 379, 382 (W.D. Va. 1998) ("In order for a [party] to prevail on summary judgment motion based on an affirmative defense, the [party] must shoulder the burden usually allocated to a plaintiff in moving for summary judgment: the defendant must adduce evidence which supports the existence of each element or its affirmative defense, and the evidence must be so powerful that no reasonable [trier of fact] would be free to disbelieve it.").

Additionally, unlike the Rule 12(b)(1) standard, when ruling upon a motion for summary judgment, the evidence of the non-moving party will be believed as true, all evidence is viewed in the light most favorable to the non-moving party, and all doubts and reasonable inferences are drawn in the non-movant's favor. *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F3d 307, 310 (4th Cir. 2014). Under Rule 12(b)(1), courts may engage in jurisdictional factfinding, and "the trial court is free to weigh evidence to determine the existence of jurisdiction." *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan*

*Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Further, on a Rule 12(b)(1) factual challenge to jurisdiction apart from the pleadings, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Dunn v. United States Dep't of Veterans Affs.*, No. 3:18cv699, 2019 WL 6842537, at *6 (E.D. Va. Dec. 16, 2019) (citations omitted). Summary judgment, on the other hand, may only be properly granted if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, the court on summary judgment will never weigh the evidence or choose between competing facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).; *McAirlaids*, 756 F3d at 310. A court's narrow role on a Rule 56 motion for summary judgment is to assess the threshold issue of whether a genuine dispute exists as to material facts requiring a trial. *Liberty Lobby*, 477 U.S. at 249.

As the movant pressing an affirmative defense, the Claimant bears a greater burden under the summary judgment standard than under the Rule 12(b)(1) standard. *See Matter of Staughton*, 538 F. Supp. 3d 1149, 1151-52 (W.D. Wash. 2021) (noting that movant arguing limitation action was untimely filed has a greater burden under the summary judgment standard than under the Rule 12(b)(1) standard). Applying the summary judgment standard to the present motion, the Court should find there are genuine disputes of material fact and that Claimant does not meet that burden.

Claimant's motion is premature. Generally, summary judgment should be granted only after the nonmoving party has had an adequate time for discovery. *See Goodman v. Diggs*, 986 F.3d 493, 500 (4th Cir. 2021) (noting summary judgment will often be vacated when granted before adequate discovery).

The Court should deny the motion as premature. If, however, the Court does not find the present motion is premature, it should find that genuine issues of material fact exist to preclude granting summary judgment to Claimant Oakey.

**B. Genuine Issues of Material Fact Exist as to Whether Claimant Oakey's Letter Raised the Reasonable Probability of a Limitable Claim or Was Otherwise Sufficient NOTICE OF A CLAIM UNDER SECTION 30511(a).**

"The purpose of the six-month prescription on the limitation of liability petition is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *In re Exxon Shipping Co.,* 869 F.2d 843, 846 (5th Cir. 1989) (citing *In re Goulandris,* 140 F.2d 780, 781 (2d Cir. 1944)). Although the "written notice of a claim" need not be presented in a particular form, the notice must "communicate[ ] the *reasonable possibility* of a claim" *and* "communicate[ ] the *reasonable possibility* of damages in excess of the vessel's value." *See In re RLB Contracting, Inc.,* 773 F.3d 596, 602 (5th Cir. 2014) (emphasis in original); *see also Norfolk Dredging Co. v. Wiley,* 357 F. Supp. 2d 944, 947 (E.D. Va. 2005). "Whether a written notice reveals a 'reasonable possibility' that the claim will exceed the value of the vessel requires the court to engage in a fact-intensive inquiry into the circumstances of the case." *In re Eckstein Marine Serv., LLC,* 672 F.3d 310, 317 (5th Cir. 2012) (overruled by implication by *In re Bonvillian Marine Service, Inc.*, 19 F.4th 787 (5th Cir. 2021)). "When there is uncertainty as to whether a claim will exceed the vessel's value, the reasonable possibility standard places the risk and the burdens associated with that risk on the owner." *Id.* at 318; *see also In re Morania Barge,* 690 F.2d 32, 34 (2d Cir. 1982).

As this Court has noted:

There are two key tests courts have employed to determine the sufficiency of a letter. [First], sufficiency is determined by . . . whether the letter informs the vessel owner of claimant's demand of right or supposed right, (2) blames the vessel owner for any damage or loss, or (3) calls upon the vessel owner for something due claimant. [citations omitted] Under the second test, courts place

heavy emphasis on whether the letter indicates a reasonable possibility that the claim may exceed the value of the ship.

Most courts have utilized a variation of the above tests in conducting a holistic, fact-intensive approach to determining whether a letter is sufficient. *See Norfolk Dredging Co. [v. Wiley],* 357 F Supp. 2d [944] at 947-49 [(E.D. Va. 2005)] (applying the "holistic approach adopted by most courts considering the issue"); *see also Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (noting that the Court has "employed a broad and flexible standard of review---reading letters of notice in their entirety and considering their whole tenor—when determining if sufficient notice was given"); [*In re Petition of Allen N.] Spooner & Sons*, 253 F.2d [584] at 586 [(2d Cir. 1975) (Hand, J., concurring)] (looking to "the whole tenor of the letter" to determine whether it constituted sufficient notice of claim).

*In the Matter of Vulcan Constr. Materials, LLC*, 427 F. Supp. 3d at 697 (internal quotations marks omitted and citations omitted where indicated). "However, because the statute requires vessel owners to post security or transfer their interest in the vessel to a trustee at the time of filing a limitation of liability action, courts have traditionally been hesitant to require that such an action be filed in response to specifically threaten suit or give some approximation as to the extent of the owner's liability." *Id.* (quoting *Norfolk Dredging*, 357 F. Supp. 2d at 948). Claimant discusses a few of the factors applied in *Vulcan* such as the letter head to erroneously conclude that "each category of factors" weighs in favor of Claimant – while simultaneously ignoring the factors this Court considered most important in that case.

**"KB ltr to Stancliff re representation of Colonnas Shipyard"**
**is not notice of a claim under Section 30511(a).**

Claimant's admits that "his letter to Colonna's did not contain every possible example of language that the Court spelled out in Vulcan to consider the sufficiency of notice," Oakey Memo in Support of Motion to Dismiss, ECF 13 at FN 5, but the admission does not reveal the extent of Claimant's failure to provide sufficient notice under the standard he is discussing. Indeed, he wholly ignores what this Court in *Vulcan* considers the "most" important aspects of a letter to constitute written notice of claim that would trigger the six-month filing period. "Most

- 17 -

importantly, the note here fails to quantify the claim in any manner. Courts have consistently found that a sufficient notice of claim must provide some indication of the amount at issue." *Id.* at 698. In that case, this Court found that to be dispositive noting "[t]he fact that the note provided no quantification whatsoever of a potential claim is enough to find the note insufficient, given the tentative nature." *Id.* at 700. And the letter in *Vulcan* was far less tentative than the one at issue in this case as the letter to Vulcan at least alleged negligence and blamed Vulcan for serious personal injuries and attributed cause to Vulcan. *Id.* at 699. It is a critical element to satisfy the requirement of written notice of claim. *Id.* And yet it is wholly absent from Claimant's letter. No such allegation is contained in Claimant's letter in this case in which counsel "is writing in the hopes that we can coordinate the disclosure of information prior to filing suit to identify all necessary parties as defendants to this action." In fact, it inquires into others and asks about other entities – it does not state any potential litigation would be against Colonna's Shipyard. In his brief Claimant concludes that his letter can only connote "you are being sued" and yet that sentiment and warning is conspicuously absent from the letter itself.

Claimant's letter does not specify against whom any claim may be filed – which is particularly important given the plain bar to suing an employer in tort and exclusive remedies provided for an injured longshore worker. *See Washington Metro. Area Transit Auth. v. Johnson*, 467 U.S. 925, 941, 104 S. Ct. 2827, 2836, 81 L. Ed. 2d 768 (1984) (holding general contractor is entitled to 905(a) employer tort immunity when it has secured compensation under the Longshore Act). And the letter certainly does not state that any claim against the vessel, vessel owner, or Colonna's Shipyard is to be anticipated. No notice of any claim can be inferred by a letter that does not state a claim is impending against the vessel owner and does not attribute negligence to the vessel owner or vessel. *See Marts*, 33 F. 4th 1157, at 1168 (holding attorney's

letter to vessel owner's sister company and individual that controls both companies does not provide written notice to vessel owner under the Act). Oakey's letter of representation is directed to a company that is not Colonna's Shipyard, Inc. Claimant's letter does not call upon Colonna's Shipyard to do anything, but asks to preserve evidence just like the insufficient letter in *Marts*. *Id.* at 1168. Indeed it is similar to the letter found insufficient in *Norfolk Dredging*, where the letter informs of representation and "merely asks for documentation" but does not assert any blame against the vessel or vessel owner. *Norfolk Dredging*, 357 F. Supp. 2d at 948. The letter does not recommend that Colonna's Shipyard contact its insurer or reference any depositions, demands or settlement negotiations. *Vulcan,* 427 F. Supp. 3d at 699. As the factors identified in *Vulcan* weigh heavily in favor of finding the letter is insufficient to constitute sufficient notice of claim – like the "vague and cryptic" note in *Vulcan* this letter fails to "make clear that claimant intends to seek damages from" Colonna's Shipyard. *Id.* at 701.

Claimant's emailed letter was not addressed to the vessel owner. *See Marts*, 33 F. 4th 1157,at 1168. The header identifies it as "Biniazan Letter to Stancliff" at the top of pages 2 and 3. Section 30511(a) is clear that the claimant must "give[] the owner" notice of claim. Claimant's letter is not addressed to Colonna's Shipyard, Inc., or even COLONNA's SHIPYARD WEST, LLC that was included in the "re" line. It is a letter from one lawyer to another asking about preservation of evidence and help investigating for "tort" claims that are statutorily barred against Colonna's Shipyard, the decedent's employer.

**Prescribed statutory benefits are the *exclusive* remedy**
**and Colonna's Shipyard is immune from tort claims.**

Importantly, because the exclusive remedy available for any incident is provided in the Longshore Act the letter failed to provide notice of any claim – to the employer and vessel owner *pro hac vice* – that would be covered by the Limitation Act as the statutory benefits do not exceed the value of the vessel. *See* 33 U.S.C. §§ 904 – 905; 909. If Claimant is to be believed that the letter provided any notice to Colonna's Shipyard, Inc., (which it did not) as vessel owner *pro hac vice* of a potential claim against it as vessel owner or employer – it must also be considered that the same entity has statutory immunity to any "tort" claims that the estate might bring against it. *Washington Metro. Area Transit Auth. v. Johnson*, 467 U.S. 925, 931, 104 S. Ct. 2827, 2831, 81 L. Ed. 2d 768 (1984) ("These statutes reflect a legislated compromise between the interests of employees and the concerns of employers. On both sides, there is a *quid pro quo*. In return for the guarantee of compensation, the employees surrender common-law remedies against their employers for work-related injuries. For the employer, the reward for securing compensation is immunity from employee tort suits.") Colonna's Shipyard complied with its obligations under the Longshore Act and thus its tort immunity is unimpeachable. How can a letter vaguely inquiring about potential "tort" claim against different and unknown entities be misconstrued as notice of a claim against the vessel owner that is also *immune* from such claims? Moreover, where the statutory immunity is so plain, how can such a vague letter indicate any claim that may exceed the value of the vessel? The only recovery against Colonna's Shipyard lies in the benefits provided by Congress in the Longshore Act.

Oakey's brief mentions three times that the response to his letter of representation noted that counsel was "taken aback" by the possibility of a lawsuit against decedent's employer. This is because by law Oakey's remedies are limited to benefits provided for under the Longshore Act

and his employer, Colonna's Shipyard, is protected by federal law from suits by workers like the decedent. What is shocking is that Oakey ultimately filed a suit against Colonna's Shipyard, Inc.

In essence, Claimant asks this court to ignore the federal system established by Congress for the benefit on Longshore and Harbor Workers which provides recovery for the estate, and instead rely on a cryptic letter that does not state any claim against the vessel, the employer, or the vessel owner to confound both the Longshore Act and the Limitation Act and usurp Colonna's Shipyard's rights as a vessel owner pro hac vice. Claimant asks too much.

In its best light, if the letter communicated anything resembling a claim, it was that Claimant may bring a tort action against entities (Colonna's Shipyard West, LLC and/or others) that are *not* the vessel owner and not Mr. Oakey's employer. Under a wholistic view – the letter fails to provide notice of any potentials claims that would trigger the *pro hac vice* vessel owner's six-month filing period. The letter does not state any claim lies against the vessel or even that Claimant blames the vessel. Whether under some premises liability or medical malpractice theory or other theory in "tort" is not for Colonna's Shipyard or any vessel owner to infer when the cryptic letter so clearly fails to state that Claimant is going to file suit against it. One principle must prevail. The shipowner is not required to guess at what claim might be asserted or against what entity.  Where the letter did not describe any such "tort" theories, did not blame the vessel, the vessel owner, or his employer, and did not attribute any negligence or fault to the vessel, vessel owner, or his employer, the letter failed to give notice of a claim that would be subject to the Limitation Act. Given the heavy burdens associated with the filing of a limitation action, a shipowner is not required to seek limitation against claims for which there is no legal basis.

Claimant Oakey has offered no facts or evidence to support his motion to dismiss other than transmission of his putative and cryptic letter which fails to satisfy the notice of claim standards as repeatedly applied by this Court. Nowhere in the so-called notice of claim do the words "fault" or "negligence" appear. Nowhere in the letter does it quantify a claim in any manner. The letter is *not* addressed to Colonna's Shipyard Inc., the vessel owner pro hac vice and Mr. Oakey's employer. The letter appears on its face to be regarding "COLONNA'S SHIPYARD WEST, LLC" an entity that is not the vessel owner and had no rights in the vessel and therefore could not file any Limitation action. The letter fails to satisfy the criteria repeatedly applied by this Court that the letter must inform the vessel owner (1) of a demand of a right or supposed right (2) blame the vessel owner for any damage or loss, and (3) call upon the vessel owner for something due to claimant. *See Norfolk Dredging Co. v. Wiley*, 357 F. Supp. 2d 944, 947–49 (E.D. Va. 2005) (Beach Smith, J). Claimant's letter does none of these things.

CONCLUSION

Remedies available to Oakey are limited to benefits provided for under the Longshore Act.  But Oakey's employer, Colonna's Shipyard, is protected by federal law from suits by workers like the decedent. Without the possibility of a viable claim, there can be no obligation for the employer and *pro hac vice* vessel owner to undertake the onerous burdens of a limitation action.  Even if a claims *could* exist, Oakey's letter of representation was facially insufficient to trigger the six-month clock for the filing of a limitation action—containing none of the features of a legally adequate written notice of claim.  Oakey erroneously contends, as a matter of law, that an untimely filed limitation action, which it is not, deprives this Honorable Court of subject matter jurisdiction.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court enter an Order denying Claimant Oakey's motion, and award Colonna's Shipyard its reasonable fees and expenses.

Dated: December 30, 2025

COLONNA'S SHIPYARD, INC.

 /s/ Steven M. Stancliff
Steven M. Stancliff (VSB No. 73853)
James J. Levantino (VSB No. 97082)
VENTKER HENDERSON STANCLIFF, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:    (757) 675-9464
Fax:    (757) 625-1475
sstancliff@ventkerlaw.com
jlevantino@ventkerlaw.com
Counsel for Limitation Plaintiff
Colonna's Shipyard, Inc.

## Certificate of Service

I hereby certify that on this date, December 30, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all counsel of record:

Kevin Biniazan, Esq. (VSB No. 92109)
Lauren A. Martin, Esq. (VSB No. 93653)
BREIT BINIAZAN P.C.
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Tel: (757) 622-6000
kevin@bbtrial.com
lmartin@bbtrial.com

and

Adam H. Lotkin, Esq. (VSB No. 45588)
R. Maxwell Baker, Esq.
(VSB No. 100825)
RUTTER MILLS, LLP
160 W. Brambleton Ave.
Norfolk, VA 23510
Tel: (757) 622-5000
Adam.Lotkin@ruttermills.com
Max.Baker@ruttermills.com

*Counsel for Claimant Kent Oakey,*
*Administrator of the Estate of Kenneth*
*Oakey, deceased*

James L. Chapman, IV, Esq.
(VSB No. 21983)
K. Barrett Luxhoj, Esq. (VSB No. 86302)
Mackenzie R. Pensyl, Esq.
(VSB No. 100012)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Tel: (757) 623-3000
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
mpensyl@cwm-law.com

*Counsel for MARMAC, LLC d/b/a*
*McDonough Marine Service*

**COLONNA'S SHIPYARD, INC.**


 */s/ Steven M. Stancliff*
Steven M. Stancliff (VSB No. 73853)
VENTKER HENDERSON STANCLIFF, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:    (757) 802-3727
Fax:    (757) 625-1475
sstancliff@ventkerlaw.com
*Counsel for Limitation Plaintiff*
*Colonna's Shipyard, Inc.*