UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>*Limitation Plaintiff.* | Case No. 2:25-cv-00706-EWH-RJK |

**MEMORANDUM IN OPPOSITION TO CLAIMANT AND DEFENDANT-IN-LIMITATION'S MOTION TO DISMISS COMPLAINT IN ADMIRALTY FOR LACK OF SUBJECT MATTER JURISDICTION, OR, <u>IN THE ALTERNATIVE, MOTION FOR SUMMMARY JUDGMENT</u>**

NOW COMES MARMAC, LLC d/b/a McDonough Marine Service ("MMS"), by counsel, and for its Memorandum in Opposition to Claimant and Defendant in Limitation's Motion to Dismiss Complaint in Admiralty for Lack of Subject Matter, or, in the alternative, Motion for Summary Judgment, states as follows:

### INTRODUCTION

This opposition presents a straightforward issue of statutory compliance. If a claimant seeks to invoke the notice provision of the Limitation of Liability Act to bar a vessel owner's limitation action, the claimant must comply with the notice statute's requirements. Here, the correspondence relied upon by Claimant does not constitute written notice of a claim under 46 U.S.C. § 30529(a). It does not assert a claim against Colonna's, does not allege fault, does not quantify damages or provide any basis to conclude that a claim might exceed the value of the vessel, and was not directed to the proper vessel owner. Because Claimant failed to provide statutorily sufficient notice, Claimant's motion must be denied.

## PROCEDURAL HISTORY

On November 3, 2025, Colonna's filed its action for exoneration from or limitation of liability in accordance with the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 (the "Limitation Action"). ECF No. 1. On December 16, 2025, both Kent Oakey, Administrator of the Estate of Kenneth Oakey (the "Estate" and/or "Claimant"), and MMS filed an Answer and Claim in the Limitation Action. ECF Nos. 11, 17. Also on December 16, 2025, Claimant filed a Motion to Dismiss the Limitation Action for lack of subject matter jurisdiction. ECF No. 12. Claimant's motion must fail because the January 31, 2025 letter (the "Letter") is insufficient to constitute written notice of a claim under the Limitation Act. ECF No. 13-1.

## FACTUAL BACKGROUND

1. Claimant emailed the January 31, 2025 Letter to counsel for Colonna's Shipyard, Inc. ("Colonna's"). *Id.*

2. The Letter was not addressed nor sent to the Registered Agent of Colonna's, but rather it referenced a completely different entity, namely "COLONNA'S SHIPYARD WEST, LLC." *Id.*

3. The Letter requested that counsel for Colonna's share any documentation relating to the underlying incident with Claimant. *Id.*

4. The Letter did not blame Colonna's nor place any responsibility for the underlying incident on Colonna's. *Id.*

5. The Letter did not allege nor threaten to bring claims against Colonna's. *Id.*

6. The Letter did not state the extent of Claimant's damages. *Id.*

7. On October 21, 2025, Colonna's received its first written notice of a claim when Claimant filed suit against Colonna's in the Circuit Court for the City of Norfolk. ECF No. 13-3.

2

8. On November 3, 2025, Colonna's filed this action for exoneration from or limitation of liability. ECF No. 1.

## ARGUMENT

Under 46 U.S.C. § 30529(a), a vessel owner has six months after receiving written notice of a claim to file a limitation action in a United States district court. Because the Limitation of Liability Act requires the vessel owner, upon filing a limitation petition, to post security or transfer its interest in the vessel to a trustee, courts are reluctant to deem vague or non-adversarial letters as sufficient notice of a claim. *In re Compl. of Vulcan Constr. Materials, LLC*, 427 F. Supp. 3d 694, 697 (E.D. Va. 2019). Thus, to trigger the six-month statute of limitations, a claimant must make his intent to sue the vessel owner "or give some approximation as to the extent of the [vessel] owner's liability" in the notice clear. *Id*. To determine whether sufficient notice has been provided, courts conduct a "holistic, fact-intensive approach" to examine "whether the letter (1) informs the vessel owner of claimant's 'demand of a right or supposed right,' (2) blames the vessel owner for 'any damage or loss,' or (3) calls upon the vessel owner for something due claimant." *Id.* (quoting *Norfolk Dredging Co. v. Wiley*, 357 F. Supp. 2d 944, 948 (E.D. Va. 2005)). Accordingly, for a letter written only in tentative terms, the absence of any "quantification whatsoever of a potential claim is enough to find the [letter] insufficient" to constitute proper notice. *See Id.* at 700.

I. **Claimant's Letter did not trigger the statute of limitations because it did not assert a right or supposed right against Colonna's nor blame Colonna's for the underlying incident.**

Claimant's letter did no more than inform Colonna's counsel that it had retained Breit Biniazan Trial Lawyers "to pursue claims in tort" arising out of the underlying incident and request that Colonna's counsel preserve various documents. ECF No. 13-1. At no point did the letter explicitly state, or even suggest, that Claimant intended to pursue those claims *against* Colonna's,

much less blame Colonna's for the underlying incident. In fact, Claimant stated that the purpose of his letter was not to put Colonna's on notice of potential claims against it, but rather to "coordinate the disclosure of information prior to filing suit *to identify all necessary parties as defendants*." *Id.*

In other words, as of January 31, 2025, Claimant had not identified any specific entity against whom claims could be asserted and instead sought documents from Colonna's to determine whether, and against whom, such claims might later be brought. Indeed, the letter's only suggestion of a claim against any party appeared in the "RE:" line, and even then, Claimant misidentified the entity allegedly subject to a claim as "COLONNA's SHIPYARD WEST, LLC" rather than Colonna's Shipyard, Inc. *Id.* Thus, as of January 31, 2025, Claimant had not informed Colonna's of his assertion of a right or supposed right and had not blamed Colonna's for the underlying incident.

In *Norfolk Dredging Co.*, the court held that the claimant's letter did not constitute sufficient notice because it failed to "specifically threaten suit or give some approximation as to the extent of the owner's liability.*" Norfolk Dredging Co.*, 357 F. Supp. 2d at 949. There, the letter advised Norfolk Dredging that the claimant had retained an attorney to represent him "in his cause of action for personal injuries" and requested that Norfolk Dredging send the claimant's attorney "any documentation [it had] concerning the incident." *Id.* at 947. The court reasoned that the letter's substance neither blamed Norfolk Dredging nor stated the nature or extent of the injuries. *Id.* at 948. In essence, the letter did not "state a belief that [Norfolk Dredging] was at fault in any way or [was] responsible for [the claimant's] injuries," did not recommend that Norfolk Dredging contacts its insurer, and did not "quantify the claim in any manner," preventing Norfolk Dredging from knowing "whether the claim would exceed the value of the vessel or not." *Id.*

4

In *In re Compl. of Vulcan Constr. Materials*, the court held that the claimant's letter was insufficient to constitute proper notice because it was vague and cryptic. *In re Vulcan*, 427 F. Supp. 3d at 701. Although the court found that the letter did blame Vulcan "by referencing the 'negligence of the employee Vulcan,'" the court reasoned that the letter did not state against whom a claim would be filed, did not recommend that Vulcan contact its insurer or its legal representatives, and, "[m]ost importantly, the [letter did not] 'quantify the claim in any manner.'" *Id.* (quoting *Norfolk Dredging Co.*, 357 F. Supp. 2d at 948).

Here, Claimant's letter is similarly insufficient because it failed to threaten suit *against* Colonna's and did not quantify the value of claimant's alleged tort claims. Like in *Norfolk Dredging Co.*, Claimant's letter only notified counsel for Colonna's that he had retained counsel to pursue tort claims and requested that counsel for Colonna's produce various documents related to the incident. ECF No. 13-1. It did not specifically threaten to sue Colonna's for those tort claims. *Id.* In fact, Claimant even suggested that it was requesting the documents so it could determine who to sue under the alleged tort claims. *Id.*

## II.   Claimant's Letter did not quantify any potential claim against Colonna's and was therefore insufficient notice.

Claimant's letter also failed to quantify any potential claim against Colonna's. Indeed, courts consistently find letters lacking any indication of the amount claimed are insufficient to constitute proper notice. *In re Vulcan*, 427 F. Supp. 3d at 699. This Court has imposed an even higher burden on claimants, requiring them to "indicate a reasonable possibility that the claims would exceed the value of the ship." *Id.* at 700, 700 n.1.

Here, Claimant's January 31, 2025 Letter is written entirely in tentative and non-adversarial terms. ECF No. 13-1. It does not assert a demand, does not identify any categories of damages, and provides no factual basis from which Colonna's could assess potential exposure. *Id.* Nor did

5

the Letter identify the types of damages sought, the beneficiaries of any claim, or any other facts from which potential exposure could reasonably be inferred. *Id.* Under these circumstances, the absence of any quantification is dispositive. As this Court has explained, the fact that a letter "provided no quantification whatsoever of a potential claim is enough to find the [letter] insufficient, given its tentative nature." *In re Vulcan*, 427 F. Supp. 3d. at 700.

The seriousness of an underlying incident, standing alone, does not automatically satisfy the "reasonable possibility" standard required to trigger § 30529(a), particularly where, as here, the Letter is otherwise ambiguous and non-adversarial. Colonna's could not have been put on notice of the amounts claimed where the Letter failed even to identify Colonna's as a target of any claim, much less provide a basis to assess whether such a claim could exceed the vessel's value.

### III. Colonna's counsel's February 14, 2025 response letter did not cure the deficiencies in Claimant's Letter.

The February 14, 2025 response by counsel for Colonna's cannot cure the deficiencies in Claimant's January 31, 2025 Letter. ECF No. 13-2. The Limitation Act's six-month filing period turns on whether the claimant provides written notice sufficient to constitute a claim, not on how a vessel owner or its counsel responds to communications. Nothing in 46 U.S.C. § 30529(a) suggests that a vessel owner's response can supply missing elements of notice or retroactively trigger the limitation period.

Courts analyzing the sufficiency of notice consistently focus on the contents of the claimant's written communication, not on a vessel owner's subjective interpretation or defensive response. Accepting Claimant's position would improperly shift the burden imposed by the Limitation Act and require vessel owners to treat any ambiguous correspondence as a triggering notice and to initiate limitation proceedings prematurely, even where the claimant has failed to articulate a claim, assert liability, or provide any basis to assess potential exposure.

Any other conclusion would undermine 46 U.S.C. § 30529(a), which exists to prevent claimants from forcing vessel owners to initiate a limitation action and take the drastic step of posting security for the vessel's full value or surrender the vessel to a trustee "upon penalty of losing [the statute's] privilege when the claimant's position is equivocal." *In re Vulcan*, 357 F. Supp. 2d at 948 (quoting *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 587 (2d Cir. 1958)).

Here, Claimant (not Colonna's) bore the burden of providing written notice sufficient to trigger the statute. Having failed to do so, Claimant cannot now attempt to cure the deficiencies in his own Letter by relying on Colonna's counsel's response.

## CONCLUSION

For the foregoing reasons, MMS respectfully requests that the Court deny Claimant's Motion to Dismiss for lack of subject matter jurisdiction, deny Claimant's alternative Motion for Summary Judgment, and allow the Limitation Action to proceed.

Dated: December 30, 2025

MARMAC, LLC d/b/a MCDONOUGH MARINE SERVICE

 */s/ K. Barrett Luxhoj*
James L. Chapman, IV, VSB No. 21983
K. Barrett Luxhoj, VSB No. 86302
Mackenzie R. Pensyl, VSB No. 100012
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
mpensyl@cwm-law.com
*Counsel for MARMAC, LLC d/b/a McDonough Marine Service*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of December 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

                                                     */s/ K. Barrett Luxhoj*
                                                     K. Barrett Luxhoj, VSB No. 86302
                                                     C<small>RENSHAW</small>, W<small>ARE</small> & M<small>ARTIN</small>, P.L.C.
                                                     150 W. Main Street, Suite 1923
                                                     Norfolk, Virginia 23510
                                                     Telephone: (757) 623-3000
                                                     Facsimile: (757) 623-5735
                                                     kbluxhoj@cwm-law.com
                                                     *Counsel for MARMAC, LLC d/b/a*
                                                     *McDonough Marine Service*