UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR LIMITATION OF LIABILITY )))))) | Case No.: 2:25-cv-00706 |
| *Limitation Plaintiff* ) | |

### DEFENDANT-IN-LIMITATION OAKEY'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

COMES NOW the Claimant and Defendant-in-Limitation Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased, by counsel, and for his Reply in Support of his Motion to Dismiss and Motion for Summary Judgment, states as follows:

### INTRODUCTION

Shipowner MMS asserts that this matter presents "a straightforward issue of statutory compliance."[1] Claimant Oakey agrees. To benefit from the Limitation of Liability Act, a shipowner must file its limitation action "within six months after a claimant gives the owner written notice of a claim."[2] But rather than contend with that simple mandate, Limitation Plaintiffs attempt to unilaterally graft additional language onto the statute that is conspicuously absent from the law's text and is widely rejected by federal courts across the country.[3] Despite Limitation Plaintiffs' arguments, neither the Limitation Act nor federal courts applying it require a notice of a claim to

---

[1] See MMS's Mem. in Opp. to Claimant and Def. in Limitation's Mot. to Dismiss or Mot. for Summ. J. (Dec. 30, 2025), ECF 26.

[2] 46 U.S.C. § 30529(a).

[3] See infra Part I (citing cases for the proposition that notices of claim do not require claimants to quantify their damages); infra Part II (citing cases for the proposition that claims of notice need not follow a prescribed form or include specific language).

1

take a particular form or include "magic words," and they certainly do not require notices to appraise a claimant's damages at a sum certain dollar figure like they argue. See MMS's Mem. in Opp. 5 ("Claimant's letter did not quantify any potential claim against Colonna's and was therefore insufficient notice."). Instead, when analyzing the sufficiency of a notice of claim, courts apply a "broad and flexible standard of review—reading letters of notice in their entirety" to determine whether the notice reveals a "reasonable possibility" of a claim exceeding the vessel's value." See, e.g., RLB Contracting, Inc., 773 F.3d 596, 605 (5th Cir. 2014).[4]

Claimant Oakey's January 31, 2025 letter meets that "reasonably possibility" standard with room to spare.[5] That is true from the plain language of Claimant's letter, which blames Colonna's for Kenneth Oakey's death;[6] the text of Colonna's response letter, which explicitly contemplates Claimant Oakey's impending lawsuit;[7] and the circumstances surrounding those letters, which include an active OSHA investigation into Mr. Oakey's death at Colonna's Shipyard.[8] These facts are included in the record and encompass everything that could be available to determine whether Claimant Oakey's January 31, 2025 letter triggered the Limitation Act's six-month filing deadline.

---

[4] This Court has also applied a "holistic" approach to determine whether a particular letter constitutes notice under the Limitation Act. See, e.g., Norfolk Dredging Co. v. Wiley, 357 F. Supp. 2d 944, 948 (E.D. Va. 2005).

[5] Both Limitation Plaintiffs—Colonna's and MMS—have endorsed the "reasonable possibility" standard. See MMS's Mem. in Opp. 6 ("The seriousness of an underlying incident, standing alone, does not automatically satisfy the 'reasonable possibility' standard required to trigger § 30529(a)"); Colonna's Mem. in Opp. to Claimant Oakey's Mot. to Dismiss Compl. in Admiralty and Mot. for Summ. J. 4 ("[A] writing must give notice of a reasonable possibility of a claim that will exceed the value of the vessel.") (emphasis omitted).

[6] See **Ex. A** (placing Colonna's on the defendant's side of the "v." among other indicators).

[7] See **Ex. B**.

[8] See **Ex. A** at 1 ("[I]t is our understanding that the Occupational Safety investigation has not concluded and, therefore, we have not been provided the formal file or documentation contained therein.").

In style, substance, purpose, and context, Claimant Oakey's letter put Colonna's on notice of the "reasonable possibility" of a claim exceeding the vessel's value.

With no genuine dispute of material fact present about this issue—and with the Court having all relevant evidence there is to be had on this issue—an order granting summary judgment in favor of Claimant Oakey is a proper procedural mechanism at this juncture, as other courts have concluded it to be.[9] Accordingly, Claimant Oakey, by counsel, respectfully requests that this court GRANT his Motion to Dismiss, or, in the alternative, his Motion for Summary Judgment.[10]

## ARGUMENT

The Liability of Limitation Act affords "generous statutory protection to the vessel owners who reap all of its benefits." In re RLB Contracting, Inc., 773 F.3d at 602 (quoting Compl. of Morania Barge No. 190, Inc., 690 F.2d 32, 34 (2d Cir. 1982)). To take advantage of that generous statutory protection, vessel owners must comply with the statute. One of the statute's mandates is that the vessel owner must bring its limitation action "within six months after a claimant gives the owner written notice of a claim." 46 USC § 30529(a). Vessel owners are free to bring a limitation

---

[9] See Martz v. Horazdovsky, 33 F.4th 1157, 1163 (9th Cir. 2022) ("[T]he untimeliness of a limitation-of-liability action is a merits issue appropriately raised in a motion for summary judgment."); RLB Contracting, Inc. 773 F.3d at 600 ("The case was referred to a magistrate judge who issued a Report and Recommendation ('R&R') which concluded that, on the basis of those emails, RLB had received the required notice and thus missed the six-month window for filing a limitation action. The district court, after converting the Butlers' motion to dismiss to a motion for summary judgment, adopted the R&R, granted summary judgment to the Butlers, and dismissed the limitation action as time-barred."); Orion Marine Constr., Inc. v. Carroll, 918 F.3d 1323, 1330 (11th Cir. 2019) (describing summary judgment as the appropriate procedural mechanism in that particular case).

[10] Claimant Oakey acknowledges Colonna's cited authority for the principle that failing to comply with the filing deadline is not jurisdictional in nature, see In re Compl. of Jackson Creek Marine, LLC, No. 2:23cv115 (E.D. Va. Nov. 29, 2023) (Hanes, J.), and that the Fifth Circuit has overturned its historical precedent on that issue. See In re Bonvillian Marine Serv., 19 F.4th 787 (5th Cir. Dec. 2, 2021). Claimant Oakey respectfully represents to this Court that the Fourth Circuit has not ruled on the issue. In this reply brief, Claimant Oakey focuses his arguments on his Motion for Summary Judgment.

action before they receive a written notice of a claim if they understand that such a claim is imminent. See In re Bertsch, 540 F. Supp. 3d 1188, 1192 (S.D. Fla. 2021) (explaining that the Limitation Act "does not . . . mandate written notice of a claim as a prerequisite to filing a limitation action"). Accordingly, courts enforce strict compliance of the statute's six-month filing deadline. See, e.g., Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1090 (11th Cir. 2005) ("The time limit imposed by [this section] is strictly enforced.").

While the Limitation Act is specific on a host of issues,[11] it notably does *not* include any requirements about a Claimant's notice of claim other than that it be "written." § 30529(a). Observing that the Act does not prescribe requirements about the style or substance of a notice of claim, courts across the country have developed frameworks to determine whether a writing constitutes a sufficient notice of claim to trigger the Act's six-month filing deadline. Most courts—including this one—have applied a "holistic, fact-intensive approach to determining whether a letter is sufficient" under the Act.[12]

Using that fact-intensive approach to determine "the whole tenor" of the writing,[13] courts look to whether the notice informs the vessel owner of the "reasonable possibility" of a claim that will exceed the value of the vessel. See, e.g., RLB Contracting, Inc., 773 F.3d at 605. "The purpose of the 'reasonable possibility' standard is to place the burden of investigating potential claims *on the vessel owner*." RLB, 773 F.3d at 602 (emphasis added). Courts have applied that same logic

---

[11] See, e.g., § 30524(b)-(c) (prescribing a specific formula about how to calculate tonnage of the vessel in personal injury or death cases).

[12] See In re Compl. of Vulcan Constr. Materials, LLC, 427 F. Supp. 3d 694, 697 (E.D. Va. 2019) (citing Norfolk Dredging, 357 F. Supp. 2d at 948); see also Doxsee Sea Clam Co v. Brown, 13 F.3d 550, 554 (2d Cir. 1994); In re Pet. of Allen N. Spooner & Sons, Inc., 253 F.2d 584, 586 (2d Cir. 1957) (Hand, J., concurring).

[13] See Spooner & Sons, 253 F.2d at 586 (Hand, J., concurring).

when there is ambiguity about whether the value of a claim will exceed the vessel's value: "When there is uncertainty as to whether a claim will exceed the vessel's value, the reasonable possibility standard places the risk and the burdens associated with that risk on the owner." In re Eckstein Marine Serv., LLC, 672 F.3d 310, 317 (5th Cir. 2012).

Whether this court describes the reasonable possibility test as "holistic" or "fact-intensive" or "flexible," one thing is certain: The test does not require notice letters to comply with a pre-ordained list of requirements before the Limitation Act's six-month filing deadline begins to run.[14] What is more, the reasonable possibility test does not compel the Court to read notice letters in a vacuum, devoid of all context—and all common sense. But that is what Limitation Plaintiffs argue; not only that notices meet specific substantive requirements or else be deemed insufficient, but also—and above all else—that they provide an appraisal of a Claimant's monetary damages. That is misguided.

### I. THE LIMITATION ACT DOES NOT REQUIRE POTENTIAL CLAIMANTS TO QUANTIFY THEIR DAMAGES, AND FEDERAL COURTS AROUND THE COUNTRY HAVE REPEATEDLY REJECTED THAT AS A REQUIREMENT TO TRIGGER THE SIX-MONTH FILING DEADLINE.

Federal courts across the country have repeatedly rejected the contention that a notice of claim must allege that damages sought will exceed the value of the vessel. See, e.g., In re RLB Contracting, Inc., 773 F.3d at 605 ("We reject[] the vessel owner's contention that, without a dollar amount or certainty as to the extent and permanence of the plaintiff's injuries, the period for filing a limitation action could not start") (citing In re Eckstein, 672 F.3d 310 (5th Cir. 2012)); In re Seganti, 153 F.4th 272, 279 (2d. Cir. 2025) ("Even when doubt exists as to the total amount of the

---

[14] Courts have considered *factors* in their inquiries, see Norfolk Dredging, 357 F. Supp. at 947-48 (discussed infra Part II), but they have employed those factors as part of a broader, holistic analysis. See id.

claims or as to whether they will exceed the value of the ship the owner will not be excused from satisfying the statutory time bar since he may may institute a limitation proceeding even when the total amount claimed is uncertain") (quoting Compl. of Morania Barge No. 190, Inc., 690 F.2d 32, 34 (2d. Cir. 1982)); Compl. of Okeanos Ocean Research Foundation, Inc., 704 F. Supp. 412, 414 (S.D.N.Y. 1989) ("If the claimant makes his intention to seek damages known, the fact that the damages claimed are uncertain does not excuse the owner from complying with the statutory time period"); Big Deal, Inc. v. Pouchie, No. 91-1650, 1992 U.S. App. LEXIS 5237, at *8, n.4 (4th Cir. March 19, 1992) (unpublished) (explaining that the Limitation Act does not impose a burden on claimants to state that the claim will exceed the value of the vessel).

Instead, as Limitation Plaintiffs acknowledge, the claimant's notice must merely inform the shipowner of a "reasonable possibility" that their claims will exceed the value of the vessel. See In re RLB Contracting, Inc., 773 F.3d at 602.[15] Despite MMS's arguments to the contrary, federal courts *do* consider the severity of a claimant's injuries to determine whether the shipowner had reasonable notice that their claims will exceed the value of the vessel. See id. at 605 ("We conclude[] that, in light of the severity of the injuries, a vessel owner should have realized the potential for damages in excess of its vessel's value . . . and that any uncertainty was the owner's burden to resolve.") (citing In re Eckstein Marine Service L.L.C., 672 F.3d 310, 317-18 (5th Cir. 2012)); Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1091 (11th Cir. 2005)).

Limitation Plaintiffs argue that Colonna's counsel—repeat players litigating this issue— did not consider from Claimant's letter the reasonable possibility that tort claims arising from someone's *death* could exceed the value of the vessel.[16] Addressing similar facts, the RLB and

---

[15] See, e.g., MMS's Mem. in Opp. 6 (endorsing the "reasonable possibility" standard).

[16] See MMS's Mem. in Opp. 6 ("The seriousness of the underlying incident, standing alone, does not automatically satisfy the reasonable possibility standard.").

Eckstein courts each considered circumstances where a Claimant's notice identified severe injuries, but did not explicitly attempt to quantify those damages against the value of the vessel.[17] The Fifth Circuit emphasized in RLB that a shipowner "should have realized that an action involving the death of a child would easily exceed $750,000 in potential damages." 773 F.3d at 606. The court applied that reasoning in Eckstein and even took it a step further, explaining "When there is uncertainty as to whether a claim will exceed the vessel's value, the reasonable possibility standard places the risk and the burdens associated with that risk on the owner." 672 F.3d at 318. Indeed, the very purpose of the 'reasonable possibility' standard that Limitation Plaintiffs have endorsed is to "place the burden of investigating potential claims on the vessel owner." RLB Contracting, Inc., 773 F.3d at 602.

Putting the onus on the shipowner to determine if the claim could exceed the value of the vessel makes sense. No one is in a better position than the shipowner to understand the value of the vessel and its cargo and to determine if a potential claim could exceed that value. Next, discussed supra, the Limitation Act affords the shipowner "generous statutory protection," and assigning any risk of uncertainty to the vessel owner "fits with the purpose of the six-month limitation, which is 'to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability.'" In re RLB Contracting, Inc., 773 F.3d at 603 (quoting Exxon Shipping Co. v. Cailleteau, 869, F.2d 843, 846 (5th Cir. 1989)).

Limitation Plaintiffs attempt to cite this Court's decision in Vulcan, 427 F. Supp. 3d at 698, with the flawed understanding that Vulcan requires claimants to quantify their claims. See Colonna's Mem. in Opp. 17-18. That understanding is misguided for multiple reasons. First,

---

[17] In re RLB Contracting, Inc., 773 F.3d at 605; In re Eckstein Marine Service L.L.C., 672 F.3d at 317-18.

Vulcan itself explains that "Courts have consistently found that a sufficient notice of claim must provide *some* indication of the amount at issue." 427 F. Supp. 3d at 698 (emphasis added). Claimant Oakey's notice does that; it directs Colonna's—in a letter to its lawyer—that the estate has hired attorneys "to pursue claims in tort arising out of [Kenneth Oakey's] death." Tort claims resulting in someone's death regularly amount to verdicts and settlements in the tens of millions of dollars, well above what Colonna's has claimed the subject vessel to be worth. Second, the Vulcan court reproduced claimant's notice letter in its opinion, and the letter's entire body is two sentences long. See 427 F. Supp. 3d at 698. Considering the entire letter, the Court determined that the notice did not provide a "reasonable possibility" of a claim exceeding the vessel's value. Id. Claimant's letter here is much different. Not only does it reference a claim involving a death, but it was also directed to Colonna's counsel—experienced litigators who have handled similar cases before. If anyone could understand whether there was a "reasonable possibility" that a claim involving a death could exceed the value of the vessel, it is Colonna's counsel.

## II. THE LIMITATION ACT AND COURTS APPLYING IT ACROSS THE COUNTRY DO NOT REQUIRE NOTICES TO TAKE A CERTAIN FORM OR TO INCLUDE SPECIFIC WORDS TO TRIGGER THE SIX-MONTH FILING DEADLINE.

A claimant's notice of claim "need not be a formal complaint, and it need not employ any particular form of words." Martz v. Horazdovsky, 33 F.4th 1157, 1164 (9th Cir. 2022). As this Court has observed, "It is well-settled that a letter sent by a claimant (or a claimant's attorney) to a vessel owner may constitute notice of a claim, and such notice may be sufficient to trigger the six month statute of limitations." Norfolk Dredging, 357 F. Supp. 2d at 947. A notice of claim may be sufficient even if it is "couched only in tentative terms." Id. Courts analyze a claimant's notice to determine if it informed the shipowner of the "reasonable possibility" that their claims will exceed the value of the vessel. See In re RLB Contracting, Inc., 773 F.3d at 602. As discussed

supra, this Court has historically applied a "holistic" approach to that inquiry. See, e.g., Norfolk Dredging Co. v. Wiley, 357 F. Supp. 2d at 948. Accordingly, Limitation Plaintiffs' contention that Claimant Oakey's notice letter fails to satisfy the reasonable possibility standard is misguided.

To start, Limitation Plaintiffs attempt to apply this Court's ruling in Vulcan to this matter, but Claimant's notice here is materially different from the one at issue in Vulcan. The notice letter in Vulcan was two sentences long and included the following tentative language: "A claim *may* be filed." 427 F. Supp. 3d at 698 (emphasis added). Here, Claimant Oakey's letter expresses in the first sentence that the undersigned was hired to "pursue claims in tort arising out of [Kenneth Oakey's] death." See **Ex. A**. The letter explicitly references "the forthcoming litigation" and requests that "your client . . . take all reasonable measures to preserve any and all evidence that may be relevant to the forthcoming litigation." Id.

Claimant's letter also specifies against whom a claim may be filed: Colonna's. The subject line of the letter is styled in terms of a lawsuit caption and reads: "RE: Kent Oakey, Administrator of the Estate of Kenneth Oakey, Deceased, v. COLONNA'S SHIPYARD WEST, LLC." **Ex. A**. The body of the letter explains that the letter is "predicated on my understanding . . . that you represent Colonna's Shipyard, which is who I will be referring to in this letter as your client." Id. As such, Colonna's attempt to dodge claimant's notice on the technicality that it was addressed to "Colonna's Shipyard West, LLC" and not "Colonna's Shipyard, Inc." is unconvincing. This is particularly true given that (1) Colonna's counsel still received the notice letter; (2) the body of the notice referred to Colonna's broadly as "Colonna's Shipyard"; and (3) Colonna's counsel substantively responded to the letter on behalf of Colonna's Shipyard, Inc. within two weeks and "confirm[ed] [his] representation of Colonna's Shipyard, Inc." See **Ex. B**.

9

Similarly, Limitation Plaintiffs misapply three factors that Judge Smith considered in Norfolk Dredging[18] to the facts of this case. See 357 F. Supp. 2d at 947-48. Judge Smith considered as part of the Court's inquiry "whether the letter (1) informs the vessel owner of claimant's demand of a right or supposed right, (2) blames the vessel owner for any damage or loss, or (3) calls upon the vessel owner for something due claimant." Id. Although these factors are not mandatory and are one aspect of a "holistic" analysis, Claimant's notice satisfies them nevertheless, despite Limitation Plaintiffs' representations.

First, the letter informs the vessel owner of a right or supposed right: tort claims arising from Kenneth Oakey's death. The Ninth Circuit explained in a case cited approvingly by Limitation Plaintiffs that "[t]he word 'claim' means 'a demand of a right or supposed right' or 'a demand for compensation, benefits, or payment'—a meaning that is essentially unchanged since 1936, when the statute of limitations was first enacted." Martz v. Horazdovsky, 33 F.4th at 1165. (citing Webster's Third New International Dictionary 414 (2002)). Because the word "claim" means "a demand or right," and because Claimant Oakey stated that he intended to pursue "claims in tort," Claimant Oakey sufficiently informed the vessel owner of his supposed right. For the same reason, Claimant's letter meets the third factor by "call[ing] upon the vessel owner for something due": money damages. Money damages are the quintessential type of remedy that is "due" and sought in the prosecution of a torts claim, and as sophisticated litigators, Colonna's counsel—the recipient of Claimant's letter—understand that. Accordingly, Claimant Oakey's notice satisfies both the first and third factors Judge Smith considered in Norfolk Dredging. See 357 F. Supp. 2d at 947-48.

---

[18] The three enumerated factors that Judge Smith considered are often referred to as the Richardson factors, derived from In re Lloyd W. Richardson Constr. Co., 850 F. Supp. 555, 557 (S.D. Tex. 1993)).

10

As to the second factor that Judge Smith considered in <u>Norfolk Dredging</u>, Claimant's notice "blames the vessel owner for any damage or loss," by styling the subject line of the letter in the form of a lawsuit caption and placing Colonna's on the defendant's side of the "v." <u>See</u> **Ex. A**. The body of the letter inquires about the ongoing Occupational Safety investigation into the circumstances surrounding decedent's death, and it requests information and documents related to "your client's [Colonna's] safety practices and policies." This language implicitly—if not explicitly, to sophisticated parties like Colonna's counsel—places blame squarely on the vessel owner, Colonna's. Accordingly, while the <u>Richardson</u> factors employed by this Court are not mandatory, Claimant Oakey's notice letter satisfies them nevertheless.

Next, Limitation Plaintiffs urge this Court to read Claimant's notice in a vacuum, devoid of all relevant context.[19] The Limitation Act does not require that, and case law suggests that courts are encouraged to consider the relevant context of claimant's notice. <u>See, e.g.</u>, <u>In re Broussard Bros., Inc.</u>, No. 6:22-CV-01367, 2023 U.S. Dist. LEXIS 182255, at *20 (E.D. La. July 21, 2023) (report and recommendation of Ayo, Mag. J., adopted in 2023 U.S. Dist. LEXIS 182256) ("Petitioner's counsel inquired on multiple occasions about when LaCoste planned on filing suit, demonstrating an understanding on Petitioner's part that a claim was forthcoming, if not an expectation that a suit was inevitable."); <u>see also</u> <u>In re Prosper Operators, Inc.</u>, No. 2:16-CV-01363, 2017 U.S. Dist. LEXIS 129522, at *9 (E.D. La. Aug. 14, 2017) ("This is a fact-intensive inquiry that focuses on the context and content of the communication."); <u>id.</u> at *12 ("[T]he overall content and context of the letters are distinguishable."). Here, the context surrounding Claimant's notice provides strong evidence that Colonna's knew that a claim exceeding the value of the vessel was

---

[19] <u>See</u> MMS's Mem. in Opp. 6 ("Courts analyzing the sufficiency of notice consistently focus on the contents of the claimant's written communication, not on a vessel owner's subjective interpretation or defensive response.").

imminent. See **Ex. B** (stating Colonna's understanding that "your client [Claimant Oakey] now contemplates filing a lawsuit against Colonna's.").[20] Colonna's response letter provides the best evidence available to understand how Colonna's actually understood Claimant Oakey's letter, and whether, to benefit from the generous provisions of the Limitation Act, it should have initiated this Limitation Action. That context, coupled with the plain language of the notice letter itself, strongly supports the assertion that Claimant Oakey's letter triggered the Act's six-month filing deadline.

In a last-ditch effort to dodge Claimant Oakey's notice, Colonna's argues that the six-month timeline could *never* begin to run against it because "its tort immunity is unimpeachable" and its "statutory immunity is so plain." See Colonna's Mem in Opp. 20-22. In short, Colonna's seeks to rely on a substantive defense to bail itself out of a procedural miscue. It's position is both unrelated to this Court's timeliness inquiry under the Limitation Act, and incorrect as a matter of law. First, Colonna's does not cite a single case that supports the proposition that a vessel owner's *ante litem* view of the *potential* applicability of the Compensation Act prevents triggering the Limitation Act's six-month filing deadline. Such a magnificent tolling provision flies in the face "reasonable possibility" standard and the well-established rule that "the burden of investigating potential claims [is] *on the vessel owner*." RLB, 773 F.3d at 602 (emphasis added). Second, Colonna's admits that it was both Mr. Oakey's employer and the owner *pro hac vice* of the subject vessel. See **Ex. B**. As this Court has explained, "[W]hen an employer acts in a 'dual capacity' as vessel owner, the entity retains its immunity for acts taken in its capacity as employer but can be sued for acts of vessel negligence." Heretick v. Amberley Shipping Corp., 227 F. Supp. 2d 575, 580 (E.D.

---

[20] Colonna's response letter also "confirm[s] [counsel's] representation of Colonna's Shipyard, Inc." and expresses an understanding that "Colonna's Shipyard, Inc. was both Kenneth Oakey's employer and the bareboat charterer and owner *pro hac vice* of the barge at the time of the incident." See **Ex. B** at 1.

12

Va. 2002) (Smith, J.) (citing Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 533 (1983)). Accordingly, even if Colonna's argument premised on the exclusivity of the Compensation Act were relevant to this timeliness inquiry—which it is not—it would still fail because of the dual capacity doctrine.

### III. SUMMARY JUDGMENT IN FAVOR OF CLAIMANT OAKEY IS APPROPRIATE HERE BECAUSE THERE IS NO GENUINE DISPUTE OF MATERIAL FACT AND CLAIMANT OAKEY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Federal Rule of Civil Procedure Rule 56(a) permits summary judgment when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Courts across the country have acknowledged that summary judgment is a proper mechanism to dispose of limitation actions that were not timely filed. See Martz v. Horazdovsky, 33 F.4th 1157, 1163 (9th Cir. 2022) ("[T]he untimeliness of a limitation of liability action is a merits issue appropriately raised in a motion for summary judgment."); In re RLB Contracting, Inc. 773 F.3d 596, 600 (5th Cir. 2014) ("The case was referred to a magistrate judge who issued a Report and Recommendation ('R&R') which concluded that, on the basis of those emails, RLB had received the required notice and thus missed the six-month window for filing a limitation action. The district court, after converting the Butlers' motion to dismiss to a motion for summary judgment, adopted the R&R, granted summary judgment to the Butlers, and dismissed the limitation action as time-barred."); Orion Marine Constr., Inc. v. Carroll, 918 F.3d 1323, 1330 (11th Cir. 2019). Such a disposition is proper here partly because:

> Resolution of the question of the timeliness of Petitioner's suit based on [correspondence between counsel] will not require the Court to resolve issues of witness credibility. In other words, whether that correspondence communicated the reasonable possibility of a claim and whether that correspondence communicated

13

> the reasonable possibility of damages in excess of the Vessel's value can be determined from the correspondence and supporting documentation itself.

In re Broussard Bros., Inc., No. 6:22-CV-01367, 2023 U.S. Dist. LEXIS 182255, at *20 (E.D. La. July 21, 2023) (report and recommendation of Ayo, Mag. J., adopted in 2023 U.S. Dist. LEXIS 182256).

Here, there is no genuine dispute of material fact about the underlying correspondence between Claimant Oakey's counsel and Colonna's counsel. The only issue before the Court is whether Claimant Oakey's January 31, 2025 letter constituted a sufficient notice of claim to trigger the Limitation Act's six-month filing deadline. The Court has Claimant Oakey's letter, **Ex. A**, and Colonna's response, **Ex. B**, before it. Accordingly, the evidence that the Court has on the issue of timeliness is all that will be available to understand whether Claimant Oakey's letter informed Colonna's of the "reasonable possibility" of a claim that will exceed the vessel's value—and no further factual development will aid in that inquiry.[21]

Nevertheless, as a procedural Hail Mary, Limitation Plaintiff Colonna's improperly asserts that summary judgment here is premature: "Generally, summary judgment should be granted only after the nonmoving party has had an adequate time for discovery." Colonna's Mem. in Opp. 15. Colonna's asserts this argument while simultaneously filing *its own* Motion for Summary Judgment on a separate matter that may be more fact intensive than reviewing two exhibits of correspondence totaling five pages. See Limitation Pl.'s Mot. to Dismiss (Dec. 30, 2025), ECF 23 (pleaded as a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment). In its

---

[21] Because the Court has the subject correspondence between Claimant Oakey's counsel and Colonna's counsel before it, it is not necessary for Claimant Oakey to respond in detail to Colonna's "Statement of Undisputed Material Facts." Colonna's Mem. in Opp. 9.

argument that summary judgment is premature, Colonna's declines to point to any further factual development that would aid the Court in this timeliness inquiry.

Accordingly, because the Court has all the relevant evidence to this timeliness inquiry, and because that evidence presents no genuine dispute of material fact such that Claimant is entitled to judgment as a matter of law, summary judgment in favor of Claimant Oakey is proper.

## CONCLUSION

The Limitation Act places just one requirement on a claimant's notice of claim: that it be in writing. With that background, courts around the country have developed "holistic," "flexible," and "fact-intensive" approaches to determine whether a claimant's notice informs a vessel owner of the "reasonable possibility" that a claim will exceed the value of the vessel. Courts applying these flexible approaches—like this one—do not impose a set of strict requirements on a notice for it to trigger the Limitation Act's six-month filing deadline. Courts applying these approaches do not require that notices take a particular form, include specific language, or assess damages at a specific dollar amount. They just require the notice, viewed in context, to inform the vessel owner of the "reasonable possibility" that a claim will exceed the vessel's value. Claimant Oakey's notice meets that standard and then some, and the Court can determine that from the undisputed factual record before it. Accordingly, summary judgment in favor of Claimant Oakey is proper.

WHEREFORE, the Claimant and Defendant-in-Limitation, Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased, respectfully requests that this Court DISMISS the Complaint in Admiralty filed herein, or, in the alternative, GRANT his Motion for Summary Judgment, and provide other relief as justice so requires.

**KENT OAKEY,** Administrator of the Estate of **KENNETH OAKEY, deceased,** *Claimant,*

*Defendant-in-Limitation*

| | |
|---|---|
| Dated: <u>January 7, 2026</u> | */s/ Kevin Biniazan*<br>Kevin Biniazan, Esq. \| VSB No. 92109<br>Lauren A. Martin, Esq. \| VSB No. 93653<br>BREIT BINIAZAN P.C.<br>600 22nd Street, Suite 402<br>Virginia Beach, Virginia 23451<br>Phone \| 757.622.6000<br>Email \| kevin@bbtrial.com<br>Email \| lmartin@bbtrial.com<br><br>Adam H. Lotkin, Esq. \| VSB No. 45588<br>R. Maxwell Baker, Esq. \| VSB No. 100825<br>Rutter Mills, LLP<br>160 W. Brambleton Avenue<br>Norfolk, Virginia 23510<br>Phone \| 757.777.7777<br>Adam.Lotkin@ruttermills.com<br>Max.Baker@ruttermills.com<br><br>*Counsel for Claimant,*<br>*Defendant-in-Limitation* |

# C E R T I F I C A T E

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of electronic filing (NEF) to counsel of record.

Date: <u>January 7, 2026</u>

                                                                     s/ Kevin Biniazan
                                                                     Kevin Biniazan, Esq. | VSB No. 92109
                                                                     Lauren A. Martin, Esq. | VSB No. 93653
                                                                     BREIT BINIAZAN, P.C.
                                                                     600 22nd Street, Suite 402
                                                                     Virginia Beach, Virginia 23451
                                                                     Phone | 757.622.6000
                                                                     Email | kevin@bbtrial.com
                                                                     Email | lmartin@bbtrial.com

                                                                   *Counsel for Plaintiff*