

Steven M. Stancliff
757.675.9464
sstancliff@ventkerlaw.com

February 14, 2025

**VIA Electronic Mail**
Kevin Biniazan, Esquire
BREIT BINIAZAN, P.C.
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451

Re:   *Kent Oakey, Administrator of the Estate of Kenneth Oakey, Deceased v. Colonna's Shipyard West, LLC*

Dear Kevin,

This responds to your letter dated January 31, 2025, advising of your representation of Kent Oakey, administrator of the estate of Kenneth Oakey, alongside the attorneys of Rutter Mills. We confirm our representation of Colonna's Shipyard, Inc., Mr. Oakey's employer and owner *pro hac vice* of the vessel on which decedent was working at the time of the incident.

As a preliminary matter and with sincere condolences for the circumstances, we are taken aback to learn that your client now contemplates filing a lawsuit against Colonna's given that Colonna's Shipyard, Inc. was both Kenneth Oakey's employer and the bareboat charterer and owner *pro hac vice* of the barge at the time of the incident. Because the vessel owner was also the decedent's employer, the statutory benefits described in 33 U.S.C. § 909 constitute the exclusive remedy for his estate. Claims against decedent's employer and its vessel are plainly barred by the exclusivity provisions contained in 33 U.S.C. § 905, which provide, in relevant part:

> The liability of an employer prescribed in section 904 of this title *shall be exclusive and in place of all other liability* of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.

33 U.S.C. § 905(a) (*emphasis added*). The exclusiveness of this remedy extends to any claim against the vessel, as the statute further provides:

> If such person was employed to provide shipbuilding, repairing, or breaking services *and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted*, in whole or in part or directly or indirectly, against the injured person's employer (in any



Page **2** of **2**
February 14, 2025
Kevin Biniazan, Esq.

    capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer.

33 U.S.C. § 905(b) (*emphasis added*).

    As you are aware, Woods Rogers represents the responding Longshore policy under which the statutory benefits to which the estate is entitled are available.

    Your letter indicates that you wish "to identify all necessary parties as defendants to this action." To that end, we believe that the correct answer to this question is plainly "none." For avoidance of doubt, there is no basis for any claim against the decedent's employer or his employer's vessel.

    Nevertheless, to our knowledge, Huntington Ingalls had no ownership or other interest in the barge at the time of the incident. Rather, the barge was under a bareboat charter to Colonna's Shipyard, Inc. And Huntington Ingalls was not involved in the charterparty. Finally, the subject of your letter erroneously identifies Colonna's Shipyard West, LLC, which had no employment or other relationship to the incident or decedent's employment with Colonna's Shipyard, Inc.

    Because the estate's claims are limited to the exclusive remedies and benefits afforded under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, suit against Colonna's or the vessel is not warranted.

    As always, we would be pleased to discuss this matter with you and Mr. Lotkin at your convenience. With kind regards, I remain

                                                  Sincerely yours,

                                                  Steven M. Stancliff

SMS/
cc:    Adam Lotkin, Esq. (*via Email*)
        James J. Levantino, Esq. (*via Email*)