UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S ) <br> SHIPYARD, INC., AS OWNER PRO ) <br> HAC VICE AND OPERATOR OF ) <br> BARGE U 806, O.N., 1237946, FOR ) <br> LIMITATION OF LIABILITY ) <br>  ) <br> *Limitation Plaintiff*  ) | Case No.: 2:25-cv-00706 |

### DEFENDANT-IN-LIMITATION OAKEY'S MEMORANDUM IN OPPOSITION TO LIMITATION PLAINTIFF'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

COMES NOW the Claimant and Defendant-in-Limitation Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased, by counsel, and for his Memorandum in Opposition to Limitation Plaintiff's Motion to Dismiss states as follows:

#### INTRODUCTION

Before any discovery has been had, Colonna's asks this Court for extraordinary relief. It seeks dismissal of Oakey's claim based on factual issues that are disputed on the face of the pleadings. The circumstances surrounding Oakey's death and the nature of his work at Colonna's are not "undisputed" like Colonna's represents.[1] Oakey's Answer and the facts set forth in his Claim illustrate that.[2] These disputed facts are critical to Oakey's cause of action, require

---

[1] See, e.g., Limitation Pl.'s Mem. in Supp. of Mot. to Dismiss Claim of Kent Oakey 2 (Dec. 30, 2025), ECF. 24 ("Characterization of decedent's work is not an issue of disputed fact . . . ."); id. 1 ("It is beyond dispute that . . . decedent was performing repair work on shipyard equipment at the time of the alleged incident.").

[2] See Oakey Answer ¶¶ 11-16 (Dec. 16, 2026), ECF 11 (disputing factual allegations about the circumstances of Oakey's death); id. ¶ 29 (denying Colonna's assertion that Oakey provided shipbuilding or repairer services); Oakey Claim ¶¶ 4-5 (describing decedent's job); id. ¶¶ 7-14 (describing the subject incident).

1

discovery, and represent the exact type of "contests surrounding the facts" that are not appropriate to dispose of through a Rule 12(b)(6) motion to dismiss for failure to state a claim.[3]

Because Oakey's Claim sets forth sufficient factual allegations to state a claim against Colonna's in its capacity as vessel owner, Claimant Oakey respectfully requests that the Court DENY Colonna's Motion to Dismiss and Motion for Summary Judgment.

## BACKGROUND

Decedent Kenneth Oakey worked at Colonna's shipyard as a maintenance mechanic primarily repairing vehicles in Colonna's fleet. Oakey Claim ¶ 4 (Dec. 16, 2025), ECF 11. After reporting to the shipyard on September 30, 2023, Oakey was instructed to embark on a wet-docked barge. Id. ¶ 10. Colonna's was the owner *pro hac vice* of the barge. Id. 11; Colonna's Compl. ¶ 9 (Nov. 3, 2025), ECF 1. That morning, Oakey was caused to fall by a condition or event on the barge, resulting in traumatic injuries that caused to his death. Oakey Claim ¶¶ 12, 14. While surveillance cameras depict Oakey at the shipyard after his arrival, id. ¶ 9, the surveillance footage of the events resulting in Oakey's death inexplicably no longer exists.[4]

Oakey's estate initially brought an action against Colonna's in the Circuit Court for the City of Norfolk, asserting (1) vessel negligence under 33 U.S.C. § 905(b); and (2) general maritime negligence. After Colonna's initiated this limitation action, Oakey's estate set forth identical claims

---

[3] See Bermeo v. Andis, No. 24-2047, 2025 U.S. App. LEXIS 33947, at *11 (4th Cir. Dec. 30, 2025); Martin v. Tysinger Motor Co., Inc., No. 2:22cv70, 2022 U.S. Dist. LEXIS 243785, at *4 (E.D. Va. Nov. 7, 2022) (quoting Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009)).

[4] See **Ex. C** to Claimant Oakey's Mem. in Supp. of Mtn. to Dismiss or Mtn. for Summ. J. at ¶ 10 (Dec. 16, 2025) ECF 13-3. Claimant inadvertently excluded the paragraph alleging this fact from his Claim in this Court, but he represented it to the Circuit Court as true and accurate, and he incorporates that representation here.

against Colonna's in this Court that it did in state court. Colonna's then filed this Rule 12(b)(6) motion to dismiss for failure to state a claim.

## ARGUMENT

Accepting all factual allegations pled in Oakey's Claim as true, Oakey's claim establishes a cause of action against Colonna's in its capacity as vessel owner. Well-settled precedent establishes that an employee may sue his employer in tort for vessel negligence when (1) the employer functions in a "dual capacity" as employer and vessel owner; and (2) the injured employee is not employed to provide shipbuilding or repairer services. See Heretick v. Amberley Shipping Corp., 227 F. Supp. 2d 575, 580 (E.D. Va. 2002) (Smith, J.) (citing Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 533 (1983)); see also 33 U.S.C. § 905(b).  In other words, if the **employer** operates in a dual capacity, and the **employee** is not a shipbuilder, then the LHWCA is not the "exclusive" or "sole" remedy that Colonna's purports it to be.

With the background that employees may sue their "dual capacity" employer for vessel negligence, Oakey's claim sets forth sufficient factual allegations establishing that *his estate* can sue *Colonna's* for vessel negligence. Oakey asserts that Colonna's was both Oakey's employer and the owner *pro hac vice* of the subject barge (establishing "dual capacity"), and that he was not employed to provide shipbuilding or repairer services. Oakey Claim ¶¶ 4-5. Then, Oakey asserts specific duties that Colonna's owed to him that he alleges it breached in its capacity as vessel owner. See Claim ¶¶ 15-23; 25-27. These paragraphs put Colonna's on notice of the specific claims against it, and they are supported by factual allegations which, at this juncture, must be accepted

as true. See, e.g., Id. ¶¶ 11-12. Accordingly, Colonna's cannot meet the high hurdle imposed by Rule 12(b)(6) to dispose of Oakey's claim.[5]

I. **This Court Should Deny Colonna's Motion to Dismiss Because Oakey's Claim Sufficiently Alleges A Plausible Claim For Relief Against Colonna's In Its Capacity As Vessel Owner.**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the formal sufficiency of a Plaintiff's claim for relief.[6] Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not a vehicle to resolve contests surrounding the facts or the merits of a claim. Bermeo v. Andis, No. 24-2047, 2025 U.S. App. LEXIS 33947, at *11 (4th Cir. Dec. 30, 2025); Martin v. Tysinger Motor Co., Inc., No. 2:22cv70, 2022 U.S. Dist. LEXIS 243785 (E.D. Va. Nov. 7, 2022) (quoting Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009)). A district court considering such a motion must accept the factual matter pled in the complaint as true, id., and it must view the complaint in the light most favorable to the plaintiff. Glover v. Hryniewich, No. 2:17cv109, 2018 U.S. Dist. LEXIS 64920, (E.D. Va. April 16, 2018) (citing Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). The Court should not dismiss a claim under Rule 12(b)(6) unless the plaintiff has failed to provide fair notice of the nature of his claim or has failed to allege plausible factual allegations to support his claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

---

[5] Claimant Oakey respectfully requests, if the Court is inclined to grant any relief to Colonna's, that the Court grant Oakey leave to amend his Claim. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Garrett v. Dotson, No. 3:19-cv-835, 2023 U.S. Dist. LEXIS 223035, at *9 (E.D. Va. Oct. 13, 2023) (citing United States ex. rel. May v. Purdue Pharma L.P., 737 F.3d 908, 920 (4th Cir. 2013)). Such leave to amend would not be futile, particularly because the nature of Oakey's work and the circumstances of his death are factual inquiries.

[6] References to "Plaintiff" or "Complaint" contained infra refer to Claimant Oakey and his Claim asserted on December 16, 2025, respectively.

### A. *Employees like Oakey are not barred from suing their employer when their employer owns the vessel upon which they were injured.*

In *some* circumstances, the LHWCA operates as the exclusive remedy for injured workers and their estates. See 33 U.S.C. § 905(a). This case is not one of those circumstances. That is because, despite the LHWCA's exclusivity provision, when an employee is injured by vessel negligence, he may still assert an action against the vessel, just as he may against any other third party who caused his injury. See § 905(b); § 933. That fact does not change simply because the claimant's employer owned the vessel that injured him. As this Court has explained, "[W]hen an employer acts in a 'dual capacity' as vessel owner, the entity retains its immunity for acts taken in its capacity as employer but ***can be sued for acts of vessel negligence***." Heretick v. Amberley Shipping Corp., 227 F. Supp. 2d 575, 580 (E.D. Va. 2002) (Smith, J.) (citing Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 533 (1983)) (emphasis added); see also Morehead v. Atkinson-Kiewit, J/V, 97 F.3d 603, 608 (1st Cir. 1996); Guilles v. Land Service, Inc., 820 F. Supp. 744 (S.D.N.Y. 1993). These "dual capacity" actions for vessel negligence against a worker's employer/vessel owner are only barred in unique circumstances for some enumerated categories of employees. See § 905(b). Through its 1984 Amendments to the LHWCA, Congress barred employees providing "shipbuilding, repairing, or breaking services" from suing the employer/vessel owner for negligence in any capacity. Morehead, 97 F.3d at 608.

Determining whether an employee provides shipbuilding or repair services is an important *factual* question: "Whether a person is engaged in one of the named occupations subject to the bar [described above] is fundamentally a jury question." 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 7-10 (4th ed. 2003) (citing Gay v. Barge 266, 915 F.2d 1007 (5th Cir. 1990)).[7]

---

[7] At the very least, whether an employee is employed to provide "shipbuilding" or "ship repairer" services is a factual inquiry that is not properly disposed of via a Rule 12(b)(6) motion. See Bermeo

5

This makes sense as a factual inquiry because courts do not *just* look at what an employee was doing on the date of an incident to determine whether they provided shipbuilding or repair services. See Gay, 915 F.2d 1007, 1010 (5th Cir. 1990); Lapp v. Maersk Lines Ltd., No. 2:06-cv-2986-CWH, 2008 U.S. Dist. LEXIS 90935, at *16 (D.S.C. Nov. 7, 2008); Vizier v. Daybrook Fisheries, Inc., No. 97-3848, 1999 U.S. Dist. LEXIS 7929, at *5 (E.D. La. May 20, 1999).[8] In many cases (including those cited approvingly by Colonna's), courts often decide whether someone is a shipbuilder or repairman by walking through a cumbersome recitation of the specific facts of the employee's day-to-day job responsibilities. See, e.g., Lapp, 2008 U.S. Dist. LEXIS 90935, at *17 (discussing the percentage of time the worker spent in an office and the number of days the worker spent on board a ship); Newport News Shipbuilding & Dry Dock Co. v. Graham, 573 F.2d 167, 169 (4th Cir. 1978) ("During the month of Jones's injury, about 15 percent of the foundry's work was for the shipyard's own ship repair and construction projects, and about 12 percent involved ship related work for a wholly owned subsidiary . . . ."). Given the intensity with which courts evaluate a particular employee's nature of work in the days and months before an incident, it is unsurprising that Colonna's failed to cite a single case where this issue has been decided at the motion to dismiss stage.[9]

---

v. Andis, No. 24-2047, 2025 U.S. App. LEXIS 33947, at *11 (4th Cir. Dec. 30, 2025) (noting the prohibition against deciding contested factual disputes through a Rule 12(b)(6) motion).

[8] For this reason, and because courts are to draw all inferences in favor of the nonmoving party at this procedural posture, Colonna's argument that the "characterization of decedent's work is . . . a conclusion to be drawn from the circumstances of the alleged incident" is entirely misguided. See Mtn. to Dismiss 2 (Dec. 30, 2025), ECF. 24. If *any* inference or "conclusion" is to be drawn about the nature of Oakey's work, it is that he did *not* provide shipbuilding or repair services.

[9] Colonna's understanding of what constitutes "shipbuilding services" and its reliance on Newport News Shipbuilding, 573 F.2d 167 (4th Cir. 1978), is also misguided. There, the Fourth Circuit explained that "Jones's maintenance was essential to keeping the shipyard's machinery in working order *for the construction of ships*." Id. 170 (emphasis added). There is nothing in Oakey's Claim

### B. Oakey's Claim puts Colonna's on fair notice of the nature of his claims against it and includes sufficient plausible allegations—that must be accepted as true—to support those claims.

Oakey's Claim asserts factual allegations about the nature of decedent's job responsibilities. It alleges that decedent was hired as a maintenance mechanic primarily to repair vehicles in Colonna's fleet, Claim ¶ 4, and that, at no point, was decedent employed to provide services as a ship repairman, shipbuilder, or shipbreaker. Id. ¶ 5. At this juncture, the Court is to take those allegations as true and view all inferences from them in favor of Oakey—including the inference that Oakey primarily performed mechanical duties on vehicles having *nothing* to do with shipbuilding or repair. After all, the nature of Oakey's work is not "a conclusion to be drawn from the circumstances of the alleged incident" like Colonna's argues. See Mem. in Supp. of Mot. to Dismiss 2. It is a factual matter that, as pled, must be accepted as true.

Similarly, Oakey's claim represents a "short and plain statement . . . showing that [his estate] is entitled to relief." See Fed. R. Civ. P. 8(a)(2). It includes factual allegations about the circumstances surrounding decedent's death, information about Oakey's mechanism of injury, and it specifically identifies the time and location of the incident giving rise to his claims. See Claim ¶¶ 7-14. These factual allegations—and all inferences that are to be drawn from them—provide the backdrop for Oakey's two counts of negligence.[10] Accordingly, at this early stage of litigation, Oakey's Claim is sufficient to put Colonna's on notice of the specific claims against it and simultaneously supports those claims with plausible factual allegations.

---

that suggests that the vehicles he repaired had anything to do with the construction or repair of ships. Accordingly, that inference is to be made in favor of Oakey.

[10] Colonna's attacks Oakey's allegations of duties and breaches that stem from Scindia Steam Nav. Co. v. De Los Santos, 451 U.S. 156 (1981) on the grounds that Claimant admits that decedent was not a stevedore. See Colonna's Mem. in Supp. 9 ("Claimant's Answer also admits that Mr. Oakey was not a stevedore making those allegations . . . wholly irrelevant to the case at bar."). The duties that stem from Scindia and progeny, though, are not limited to stevedores. See 451 U.S. at 166-67.

7

### C. If the Court is inclined to convert Colonna's motion to one for summary judgment—which Oakey objects to—then Oakey respectfully requests an opportunity to take reasonable discovery.

A Court may only grant summary judgment when the moving party shows that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute is one that can only be determined by a trier of fact because it may be resolved in favor of either party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248-49 (1986). Whether a fact is material depends on the underlying substantive law. Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). As Colonna's has noted itself, "Summary judgment should be granted only after the nonmoving party has had an adequate time for discovery." See Colonna's Mem. in Opp. to Claimant's Mot. for Summ. J. 15 (Dec. 30, 2025), ECF 25 (citing Goodman v. Diggs, 986 F.3d 493, 500 (4th Cir. 2021)).

Determining whether Oakey provided shipbuilding or repairing services on the day of his death and as a regular part of his job is a critical factual inquiry. Discovery is needed because Colonna's has exclusive control over the information to determine that question. Accordingly, if the Court is inclined to look outside the pleadings, Claimant Oakey respectfully requests an opportunity to propound reasonable discovery.

## CONCLUSION

WHEREFORE, the Claimant and Defendant-in-Limitation, Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased, respectfully requests that this Court DENY Limitation Plaintiff's Motion to Dismiss and provide other relief as justice so requires.

        **KENT OAKEY, Administrator of the Estate of**
        **KENNETH OAKEY, deceased,**
        ***Claimant*,**
        ***Defendant-in-Limitation***

| | |
|---|---|
| Dated: <u>January 14, 2026</u> | <u>*/s/ Kevin Biniazan*</u><br>Kevin Biniazan, Esq. \| VSB No. 92109<br>Lauren A. Martin, Esq. \| VSB No. 93653<br>BREIT BINIAZAN P.C.<br>600 22nd Street, Suite 402<br>Virginia Beach, Virginia 23451<br>Phone \| 757.622.6000<br>Email \| kevin@bbtrial.com<br>Email \| lmartin@bbtrial.com<br><br>Adam H. Lotkin, Esq. \| VSB No. 45588<br>R. Maxwell Baker, Esq. \| VSB No. 100825<br>Rutter Mills, LLP<br>160 W. Brambleton Avenue<br>Norfolk, Virginia 23510<br>Phone \| 757.777.7777<br>Adam.Lotkin@ruttermills.com<br>Max.Baker@ruttermills.com<br><br>*Counsel for Claimant,*<br>*Defendant-in-Limitation* |

**C E R T I F I C A T E**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of electronic filing (NEF) to counsel of record.

Date: <u>January 14, 2026</u>

                                                    <u>s/ Kevin Biniazan</u>
                                                    Kevin Biniazan, Esq. | VSB No. 92109
                                                    Lauren A. Martin, Esq. | VSB No. 93653
                                                    BREIT BINIAZAN, P.C.
                                                    600 22nd Street, Suite 402
                                                    Virginia Beach, Virginia 23451
                                                    Phone | 757.622.6000
                                                    Email | kevin@bbtrial.com
                                                    Email | lmartin@bbtrial.com

                                                    *Counsel for Plaintiff*