**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

|  |  |  |
|---|---|---|
| **IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N. 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | ) ) ) ) ) ) ) ) | **Case No.: 2:25-cv-00706- EWH-RJK** |
| *Limitation Plaintiff.* | ) |  |

## LIMITATION PLAINTIFF'S REPLY TO CLAIMANT KENT OAKEY'S MEMRANDUM IN OPPOSITION TO MOTION TO DISMISS CLAIM OF KENT OAKEY

COMES NOW, COLONNA'S SHIPYARD, INC. ("Colonna's Shipyard"), by counsel, and pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), as and for its Reply to Claimant Kent Oakey's Opposition to Colonna's Shipyard Motion to Dismiss the Claim of Kent Oakey, and in the alternative, for Summary Judgment pursuant to Rule 56, for the reasons previously set forth in its motion and as stated herein, respectfully requests this honorable Court Dismiss the Claim of Kent Oakey ECF 11, and states as follows:

## BACKGROUND

Claimant Oakey's untimely memorandum[1] does not raise any new issues nor should it forestall the relief sought in Colonna's Shipyard Motion to Dismiss. The authority cited by Oakey supports dismissal. Oakey's Claim (ECF 11) does not allege that Colonna's Shipyard caused any injury that would entitle him to relief in tort and it must therefore be dismissed.

---

[1] Under LR 7(F), Claimant's response, if any, was due not later than January 13, 2026. It was filed on January 14.

Oakey does not refute and instead wholly ignores the employment records (attached as exhibits to Colonna's motion) that verify the nature of Decedent's work and unequivocally contradict his contentions as to the character of decedent's employment with Colonna's Shipyard. Because the uncontradicted documents show that Decedent was expressly hired to provide ship repair services of the kind in which he was working at the time of the Incident and his services were essential to the operations of the shipyard, the Longshore Act's statutory bar against these claims must be upheld.

## ARGUMENT

### 1.    The Court should strike Claimant Oakey's untimely memorandum in opposition.

Colonna's Shipyard filed its Motion to Dismiss the Claim of Kent Oakey on December 30, 2025. Mtn. to Dismiss ECF. 24. Without explanation or seeking any extension or leave of Court for a late filing, Claimant Oakey untimely filed his Memorandum in Opposition beyond the fourteen-day period allowed by Local Rule 7(F). *See* Oakey's Memorandum in Opposition ECF. 30. The Court should strike Claimant Oakey's untimely Memorandum in Opposition. *Key v. Robertson,* 626 F. Supp. 2d 566, 577 (E.D. Va. 2009) (granting defendant's motion to strike untimely brief in opposition to motion to dismiss that was filed one day after extended filing period).

### 2.    Claimant fails to state a claim against the vessel or Colonna's Shipyard as vessel owner and the Claim should be dismissed.

Claimant Oakey's Claim should be dismissed because it fails to state a viable cause of action against Colonna's Shipyard. *See* Claim of Kent Oakey ECF 11. Claimant's failures are twofold, either of which is dispositive: first, he does not state any viable cause of action against Colonna's Shipyard; and second, no viable action lies against Colonna's Shipyard due to the statutory prohibition in the Longshore Act.

First, Claimant fails to state any plausible claim for relief because he does not allege that Colonna's Shipyard caused or contributed to Decedent's alleged incident, injuries, or death. Indeed, Claimant recites numerous legal conclusions in his claim and even stating inapplicable duties and breaches thereof, but nowhere in the Claim does he allege that any injuries forming the basis of his Claim were caused by Colonna's Shipyard. For example, Claimant alleges, in part, that "Colonna's negligence was a direct and *proximate result* of Decedent's injuries…." ECF 11 at ¶ 28 (*emphasis added*). Claimant does not allege any facts to support his Claim and instead merely concludes that "Decedent was caused to fall by a condition or event" without any support or explanation for such conclusory statement or attributing any "condition or event" to Colonna's Shipyard. Claim of Kent Oakey ECF 11, at ¶ 12. But such a naked assertion is not enough to survive this motion to dismiss under the applicable standards as even the cases cited by Claimant acknowledge.

> "[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). Indeed, in Count I and II he recites and broadly concludes "duties" and "breaches" but nowhere in the Claim does he allege any particular act of negligence attributable to Colonna's Shipyard that *caused* any injuries or damages. Claim of Kent Oakey ECF 11. His conclusory allegations of negligence are insufficient.  Ironically, the Claimant has or had a no-fault remedy available under the Longshore Act but instead filed an untenable suit in which he does not allege any act of negligence caused any injuries. *See* 33 U.S.C. § 905(b) ("In the event of injury to a person covered under this chapter *caused by* the negligence…") (*emphasis* added).

Rather, in Paragraphs 22, and 28, Claimant alleges that "Colonna's negligence was a direct and proximate **result of Decedent's injuries**." And in Paragraphs 23 and 29 Claimant alleges that "Colonna's negligence was a direct and proximate **result of Decedent's death**" for which – Claimant is not legally entitled to recovery. *See* Claim of Kent Oakey ECF 11, at ¶¶ 22-23; 28-29. Claimant makes the same nonsensical allegations as to Decedent's alleged injuries and death being the direct and proximate cause of unspecified alleged negligence attributable to Colonna's Shipyard in his state court action. Accordingly, no viable cause of action for relief has been asserted by Claimant and his claim cannot survive this motion to dismiss.

But even if these allegations were inverted, no viable action lies against Colonna's Shipyard where the claims are barred by the Longshore Act. Decedent Oakey was employed by a shipyard to support shipyard operations and equipment. At the time of his alleged injuries Decedent was working on a 32-wheeled heavy lift Shipyard Transporter. He was employed to— and at the time of the incident in fact did—provide services as a ship repairer servicing shipyard equipment on Colonna's Shipyard vessel, which it owned *pro hac vice*. As such, his exclusive remedy is for benefits provided for in the Longshore Act. *See* 33 U.S.C. §§ 904-905. It does not matter that his injuries and death are alleged to have been the direct and proximate cause of Colonna's Shipyard alleged negligence – the employees and employers benefit from the exclusive no-fault remedy provided under the Act. 33 U.S.C. § 904(b) ("Compensation shall be payable irrespective of fault as a cause for the injury.").

Claimant fails to allege any negligence attributable to the vessel that could invoke the so-called dual capacity doctrine and instead recites various legal conclusions that are not to be accepted as true upon review. His claim alleges only facts of Colonna's Shipyard as his employer, which do not relate to, imply or allege any vessel negligence. Claim of Kent Oakey

ECF 11, at ¶¶ 6-10.  Indeed, his allegations related to security cameras (which are provocative and misleadingly false, seek to distract from the relevant issues) make clear the conduct of Colonna's Shipyard as a shipyard – *i.e.* his employer, as the shipyard – is the basis for his alleged claim. It is notable, however, that Claimant acknowledges that 33 U.S.C. 905(b) bars such dual capacity claims for certain shipyard workers, like ship repairers. Oakey's Memorandum in Opposition ECF 30, at 5. And even that "Through its 1984 Amendments to the LHWCA, **Congress barred employees providing "shipbuilding, repairing, or breaking services" from suing the employer/vessel owner for negligence in any capacity.** *Id.* (**emphasis** added). And yet, with such a plain bar to the claims in mind, Claimant asks the Court for leave to amend and to require Colonna's Shipyard to engage in discovery and force the Court to engage in a described "cumbersome" analysis. *Id.* at 6-7. In other words, Claimant asks the Court to ignore the fact that the very statute under which he is suing bars such a claim and instead order a burdensome fishing expedition. Claimant apparently considers the dearth of caselaw granting dismissal under 12(b)(6) "unsurprising." Indeed, it is unsurprising – because the statute provides that "**no action shall be permitted**, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity…" and otherwise acts as Congress intended by barring such improper claims. 33 U.S.C. § 905(b)(emphasis added). What *is* surprising is that Claimant disregards the applicable statutory bar against his claim and the controlling effect of *Newport News Shipbuilding & Dry Dock Co. v. Graham*, 573 F.2d 167 (4th Cir. 1978). Because decedent's duties and functions were essential to the ship repair operations like the maintenance mechanic Plaintiff in *Graham*, and plainly described in the job posting to which decedent applied and was employed for, the claim cannot survive.

Claimant's reliance on dicta in *Heretick v. Amberley Shipping Co.* is also misplaced.

F.Supp.2d 575 (E.D.Va. 2002). That case involved a line handler (not a ship repairman like decedent) who filed a suit against a *third party* vessel owner – not her employer. *Id.* at 576. Because there were no factual allegations that supported the employer's (vessel charterer) negligence as a vessel owner, this court granted the employer's motion to dismiss. *Id.* at 581. The same result of dismissal would be appropriate here as there are no allegations regarding vessel negligence causing any injuries in the claim.

> **3.    The Court should grant summary judgment at this time because there is no material fact in genuine dispute.**

In his opposition, Claimant does not address or mention the dispositive nature of the job description, decedent's application for the job, or the essential duties for his position, to reconcile his erroneous allegation that the decedent was hired "primarily" to repair vehicles in and that he was not employed to provide services as a ship repairman. Claim of Kent Oakey ECF 11, ¶¶ 4-5. Instead, he asks the Court to order the parties to conduct unnecessary discovery. Oakey's Memorandum in Opposition ECF 30, at 8.

Where Claimant's alleged footing to assert his claim rises on his erroneous argument that Decedent was employed "primarily" to repair vehicles and that he was "not employed" to provide services as a ship repairman, shipbuilder, or shipbreaker – what he was *actually* employed to do. The mere facts that his job description required him to be able to board vessels, and that at the time of the incident he had, in fact, boarded his employer's vessel to perform repairs on shipyard equipment plainly refutes the hollow allegation that he was somehow had a limited role "repairing vehicles in Colonna's fleet." Colonna's is in the business of building and repairing vessels, not operating a fleet of vehicles. Oakey's Claim must fail in light of the uncontradicted, undisputable and integral evidence to the contrary leaving no material fact in genuine dispute. *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)(

"we may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity.").

To circumvent the exclusive remedy provided by the Longshore Act, Claimant must establish that the decedent was "not employed" to provide services as a ship repairer, ship builder, or ship breaker. 33 U.S.C. § 905(b). Otherwise, "no action shall be permitted" as the statute instructs because Colonna's Shipyard, as the employer of the decedent was also the vessel owner pro hac vice. *Id.* Claimant acknowledges as much in his opposition. Oakey's Memorandum in Opposition ECF 30, at 5. Moreover, it is essential and integral to the claim because his claim relies on the employment relationship between Colonna's Shipyard and the decedent. Therefore, Claimant incorporated decedent's job description and essential duties in his Complaint because such information is integral to, and the alleged basis for his claim. Notably, the job description and Decedent's hiring documents do not accord with Claimant's limited characterization of job duties and refutes Claimant's erroneous theory.

Claimant does not dispute the authenticity or applicability of the job description for 1st Class Maintenance Mechanic attached to Colonna's Shipyard's memorandum, ECF 24-1, he does not dispute the "ESSENTIAL DUTIES AND RESPONSIBILITIES" described therein, such as "[i]nstall, repair, maintain, test, and adjust fixed and semi-fixed industrial equipment and machinery such as cranes, pumps, engines, motors, pneumatic tools, conveyor systems, and production machinery" or "[b]oard ships via stairs, ladders, and gangways with tool bags and needed equipment", nor does he dispute that decedent applied to the position of 1st Class Maintenance Mechanic and e-signed a document stating "I approve the job description for the 1st Class Maintenance Mechanic" or his acceptance of the offer of employment. *See* Mtn. to Dismiss

ECF 24-1. Claimant does not, nor could he, argue that such description of the essential duties and responsibilities is not integral to his claim or his ability to circumvent the statutory bar in § 905(b). Nor does his opposition dispute that at the time of the alleged incident decedent was performing work and repairs on a piece of industrial equipment that is essential to the ship repair process. Instead, he ignores the facts that are inconvenient and contradict his allegations. The plain and uncontested evidence that describes the position and its essential duties is fatal to Claimant's erroneous theory. Accordingly, the Court should accept the truth of the authentic and undisputed documents revealing the true nature of decedent's employment status with Colonna's Shipyard and uphold the statutory bar to Oakey's Claim.

"[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached ..., the exhibit prevails." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir.1991)). The conflict between the erroneous allegation and the undisputed documentation establishing the contrary must be resolved in favor of the undisputed documentation. *Id.* As the documents prevail without contest, the claim must fail because his allegation is blatantly and demonstratively false. No material fact is in dispute and this court should enter summary judgment and dismiss the claims at this time. Moreover, under the circumstances and an exception to the general rule to conduct discovery before judgment is entered, there is no basis for discovery where Claimant wholly ignores the relevant and dispositive documents attached to the motion. Rather than address or discuss the documents attached to the motion claimant seeks discovery that is unnecessary for this Court's review or resolution of this issue. Where his basis for bringing the claim hinges on what the decedent was hired to do, and those documents are now squarely before him and completely contradict his claim – there is no basis for any

peripheral discovery before judgment is entered. Indeed, as decedent's labor was essential to keeping the shipyard equipment in good working order like the maintenance mechanic in *Newport News Shipbuilding & Dry Dock Co. v. Graham*, 573 F.2d 167 (4th Cir. 1978) his status is that of a ship repairer. And Oakey's claims are therefore barred by the Longshore Act. 33 U.S.C. § 905(b).

As Claimant's entire claim relies on an erroneous mischaracterization of Decedent's employment with Colonna's Shipyard to circumvent the statutory bar in 33 U.S.C. § 905(b), and he does not allege any facts that implicate acts of negligence or vessel condition attributable to the vessel or Colonna's Shipyard as vessel owner, and does not allege that either the vessel or Colonna's Shipyard caused any alleged injury or death, and the undisputed and uncontested evidence of his employment so plainly contradict his erroneous mischaracterization of decedent's employment it is appropriate to enter judgment without unnecessary discovery and without leave to amend as amendment would be futile under the circumstances.

WHEREFORE, for the reasons set forth herein and in its Motion to Dismiss, Limitation Plaintiff Colonna's Shipyard respectfully requests that this Court strike the untimely Memorandum in Opposition (ECF. 30), dismiss Oakey's Claim with prejudice, enter judgment of exoneration in favor of Limitation Plaintiff Colonna's Shipyard, and award Limitation Plaintiff Colonna's Shipyard its fees and costs and all other relief that in the Cour's judgment is warranted.

Dated: January 20, 2026

**COLONNA'S SHIPYARD, INC.**


 */s/ Steven M. Stancliff*
Steven M. Stancliff (VSB No. 73853)

- 9 -

James J. Levantino (VSB No. 97082)
VENTKER HENDERSON STANCLIFF, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:    (757) 675-9464
Fax:    (757) 625-1475
sstancliff@ventkerlaw.com
jlevantino@ventkerlaw.com
*Counsel for Limitation Plaintiff*
*Colonna's Shipyard, Inc.*

## Certificate of Service

I hereby certify that on this date, January 20, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all counsel of record:

Kevin Biniazan, Esq. (VSB No. 92109)
Lauren A. Martin, Esq. (VSB No. 93653)
BREIT BINIAZAN P.C.
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Tel: (757) 622-6000
kevin@bbtrial.com
lmartin@bbtrial.com

and

Adam H. Lotkin, Esq. (VSB No. 45588)
R. Maxwell Baker, Esq.
(VSB No. 100825)
RUTTER MILLS, LLP
160 W. Brambleton Ave.
Norfolk, VA 23510
Tel: (757) 622-5000
Adam.Lotkin@ruttermills.com
Max.Baker@ruttermills.com

*Counsel for Claimant Kent Oakey,
Administrator of the Estate of Kenneth
Oakey, deceased*

James L. Chapman, IV, Esq.
(VSB No. 21983)
K. Barrett Luxhoj, Esq. (VSB No. 86302)
Mackenzie R. Pensyl, Esq.
(VSB No. 100012)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Tel: (757) 623-3000
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
mpensyl@cwm-law.com

*Counsel for MARMAC, LLC d/b/a
McDonough Marine Service*

**COLONNA'S SHIPYARD, INC.**

 */s/ Steven M. Stancliff*
Steven M. Stancliff (VSB No. 73853)
VENTKER HENDERSON STANCLIFF, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:    (757) 802-3727
Fax:    (757) 625-1475
sstancliff@ventkerlaw.com
*Counsel for Limitation Plaintiff
Colonna's Shipyard, Inc.*