UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | | |
|---|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR LIMITATION OF LIABILITY | ) ) ) ) ) ) | Case No.: 2:25-cv-00706 |
| *Limitation Plaintiff* | ) | |

**DEFENDANT-IN-LIMITATION OAKEY'S MOTION FOR LEAVE TO DEEM HIS MEMORANDUM IN OPPOSITION TO LIMITATION PLAINTIFF'S MOTION TO DISMISS TIMELY AND INCORPORATED BRIEF IN SUPPORT**

COMES NOW the Claimant and Defendant-in-Limitation Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased, by counsel, and for his Motion for Leave to Deem his Memorandum in Opposition to Limitation Plaintiff's Motion to Dismiss Timely and Incorporated Brief in Support, states as follows:

1. On December 30, 2025, Limitation Plaintiff Colonna's Shipyard, Inc. filed, *inter alia*, a Motion to Dismiss the Claim of Kent Oakey under Federal Rule of Civil Procedure 12(b)(6). See Limitation Pl.'s Mem. in Supp. of Mot. to Dismiss Claim of Claimant Kent Oakey (Dec. 30, 2025), ECF 24.

2. Local Rule 7(F)(1) requires non-moving parties to file their response brief to motions within fourteen (14) days after service of the motion.

3. Pursuant to Local Rule 7(F)(1), Claimant Oakey's response brief was due on January 13, 2026.

4. Due to an inadvertent and regrettable clerical error, Oakey's counsel docketed his deadline to file a response brief as January 14, 2026, instead of January 13, 2026.

1

5. Accordingly, Claimant Oakey filed his Memorandum in Opposition to Limitation Plaintiff's Motion to Dismiss one day late, on January 14, 2026. See Mem. in Opp. to Mot. to Dismiss (Jan. 14, 2026), ECF 30.

6. Oakey's counsel discovered this error upon reading Limitation Plaintiff's Reply Brief, which sought to strike Oakey's Memorandum in Opposition as untimely. See Limitation Pl.'s Reply to Claimant's Mem. in Opp. to Mot. to Dismiss (Jan. 20, 2026), ECF 31.[1]

7. Local Rule 7(I) permits this Court to grant extensions of time relating to motions when such a request is made in writing.

8. Federal Rule of Civil Procedure 6(b)(1)(B) permits this Court to extend the time to file a pleading after the deadline to file such pleading has expired, on the motion of a party, if that party failed to act because of excusable neglect.

9. In determining what constitutes "excusable neglect," this Court has weighed the danger of prejudice to the adverse party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the offending party, and whether the offending party acted in good faith. See, e.g., Palaxar Grp., LLC v. Williams, No. 3:13-CV-641, 2014 U.S. Dist. LEXIS 36269, at *4 (E.D. Va. March 19, 2014)

10. Oakey's counsel's regrettable and inadvertent error does not expose Limitation Plaintiff to prejudice. This error did not affect Limitation Plaintiff's ability to file a Reply Brief, nor did it impact or relate to the merits of the case. Oakey's counsel admits that this error was entirely within his control and was the result of an unfortunate clerical mistake. However,

---

[1] Colonna's counsel did not attempt to confer with Oakey's counsel before seeking the affirmative relief of striking Oakey's pleading.

in a good faith effort to remedy that mistake, Oakey's counsel filed this Motion and Incorporated Brief immediately after learning of the error.

11. Limitation Plaintiff relies entirely on <u>Key v. Robertson</u>, 626 F. Supp. 2d 566, 577 (E.D. Va. 2009) to support its argument that the Court should strike Claimant Oakey's Memorandum in Opposition. <u>Key</u> is distinguishable from this case, though, because the offending party there filed his Motion for Leave three days after his original filing deadline, and one day after the extended deadline that he requested. <u>Id.</u> at 574-75. Claimant Oakey's counsel has acted with much more haste to remedy this error than the offending party did in <u>Key</u>, filing this Motion and Incorporated Brief immediately upon learning of the error.

12. This Court and the Fourth Circuit have expressed a strong preference that "claims and defenses be disposed of on their merits." <u>See, e.g.</u>, <u>Sosa v. Prince William-Manassas Regional Adult Detention Ctr.</u>, No. 1:24-cv-00499, 2024 U.S. Dist. LEXIS 89613, at *7 (E.D. Va. May 17, 2024) (quoting <u>Colleton Preparatory Acad., Inc. v. Hoover Universal</u>, 616 F.3d 413, 417 (4th Cir. 2010)).

13. Oakey's counsel takes responsibility for this clerical mistake and will ensure that it does not happen again.

WHEREFORE pursuant to Local Rule 7(I) and Federal Rule of Civil Procedure 6(b)(1)(B), Claimant Oakey respectfully seeks leave from this Court to deem his Memorandum in Opposition to Limitation Plaintiff's Motion to Dismiss timely.

> **KENT OAKEY, Administrator of the Estate of KENNETH OAKEY, deceased,**
> *Claimant,*
> *Defendant-in-Limitation*

3

| | |
|---|---|
| Dated: <u>January 21, 2026</u> | */s/ Kevin Biniazan* <br> Kevin Biniazan, Esq. \| VSB No. 92109 <br> Lauren A. Martin, Esq. \| VSB No. 93653 <br> Patrick J. LaBella, Esq. \| VSB No. 101633 <br> BREIT BINIAZAN P.C. <br> 600 22nd Street, Suite 402 <br> Virginia Beach, Virginia 23451 <br> Phone \| 757.622.6000 <br> Email \| kevin@bbtrial.com <br> Email \| lmartin@bbtrial.com <br> Email \| patrick@bbtrial.com <br> <br> Adam H. Lotkin, Esq. \| VSB No. 45588 <br> R. Maxwell Baker, Esq. \| VSB No. 100825 <br> Rutter Mills, LLP <br> 160 W. Brambleton Avenue <br> Norfolk, Virginia 23510 <br> Phone \| 757.777.7777 <br> Adam.Lotkin@ruttermills.com <br> Max.Baker@ruttermills.com <br> <br> *Counsel for Claimant,* <br> *Defendant-in-Limitation* |

# C E R T I F I C A T E

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of electronic filing (NEF) to counsel of record.

Date: <u>January 21, 2026</u>

                                                /s/ Kevin Biniazan  
                                                Kevin Biniazan, Esq. | VSB No. 92109  
                                                Lauren A. Martin, Esq. | VSB No. 93653  
                                                Patrick J. LaBella, Esq. | VSB No. 101633  
                                                BREIT BINIAZAN, P.C.  
                                                600 22nd Street, Suite 402  
                                                Virginia Beach, Virginia 23451  
                                                Phone | 757.622.6000  
                                                Email | kevin@bbtrial.com  
                                                Email | lmartin@bbtrial.com  
                                                Email | patrick@bbtrial.com

                                                *Counsel for Plaintiff*