UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S SHIPYARD, INC., AS OWNER PRO HAC VICE AND OPERATOR OF BARGE U 806, O.N., 1237946, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>*Limitation Plaintiff.* | )<br>)<br>) Case No.: 2:25-cv-00706 – EWH-RJK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LIMITATION PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
CLAIMANT OAKEY'S MOTION FOR LEAVE TO DEEM HIS MEMORANDUM IN OPPOSITION TO LIMITATION PLAINTIFF'S MOTION TO DISMISS TIMELY**

COMES NOW, Limitation Plaintiff, Colonna's Shipyard, Inc. ("Colonna's Shipyard"), by counsel, and for its Memorandum in Opposition to *Claimant Oakey's Motion for Leave to Deem his Memorandum in Opposition to Limitation Plaintiff's Motion to Dismiss as Timely,* ECF 34, states as follows:

**ARGUMENT**

Claimant candidly acknowledges in his Motion that his brief in Opposition to Limitation Plaintiff's Motion to Dismiss was not timely filed as required by Local Rule 7(F)(1). The reason provided was that such failure was "Due to an inadvertent and regrettable clerical error," ECF 34 at ¶4, in which the response was docketed for the day after the deadline imposed by Local Rule 7(F)(1). It is also acknowledged that this was "entirely within his control." ECF 34 at ¶10. No basis other than a calendaring error is offered. The reason offered is not legally sufficient.

Eight days after Oakey's January 13, 2026, deadline to respond to Colonna's motion to dismiss, Claimant filed his motion for a retroactive extension and to have his brief deemed

timely filed pursuant to Federal Rule 6(b)(1)(B) under the "excusable neglect" standard, and pursuant to Local Rule 7(l), which provides that extension requests are "looked upon with disfavor."

> The Federal Rules of Civil Procedure provide, in relevant part:
>
> When an act may or must be done within a specified time, *the court may*, *for good cause*, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made *after the time has expired if the party failed to act because of excusable neglect*.

Fed.R.Civ.P. 6. (Emphasis added). On the issue of excusable neglect in failing to timely respond to a motion to dismiss (turned motion for summary judgment), this Court (Davis, J.) outlined the four "excusable neglect" factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), and then observed that "The most important of the *Pioneer* factors is the reason for delay and whether it was within the reasonable control of the party who filed the untimely pleading." *Batton v. Commc'ns Workers of Am., AFL-CIO*, No. 2:13CV426, 2014 WL 5742409, at *9 (E.D. Va. Aug. 4, 2014), aff'd *sub nom. Batton v. Commc'n Workers of Am.*, AFL-CIO, 618 F. App'x 175 (4th Cir. 2015). Judge Davis observed:

> The Fourth Circuit has even held that a district court abused its discretion in finding excusable neglect due to a calendaring error. *See Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 219 (4th Cir.2011) (finding "nothing extraordinary or unusual about counsel's calendaring error that should relieve [the party] of its duty to comply with the time limit of Rule 4(a)(1)").

*Id.* at *7. The Court further noted that "Excusable neglect generally has the same meaning throughout the federal procedural rules." *Citing Martinez v. United States*, No. 14–1045, 2014 U.S.App. LEXIS 12748, at *4, n.* (4th Cir. July 7, 2014); 578 F. App'x 192, 194 (4th Cir. 2014). *Id.* n7. "Excusable neglect is not easily demonstrated, nor was it intended to be. Indeed, a district court should find excusable neglect only in the extraordinary cases where injustice would otherwise result." *Batton* at *8 (internal quotes and citation references omitted).

Claimant's sole offered reason for the late filing due to "an inadvertent and regrettable clerical error" is not excusable neglect and his motion should be denied. The Fourth Circuit has stated that "a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing for excusable neglect." *Symbionics*, at 219 (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.,* 76 F.3d 530, 534 (4th Cir.1996)).

In *Symbionics*, the Fourth Circuit analyzed whether "excusable neglect" was available when an appeal was filed "one day after the expiration of the thirty-day time limit," because counsel relied on his Microsoft Windows Calendar but failed to correctly read the calendar and miscalculated the deadline to file an appeal. *Id*. at 218. The circuit court found no excusable neglect and reversed the district court, concluding that it had abused its discretion. *Id.* at 220. It explained that excusable neglect should only be found in *extraordinary* circumstances and "These limiting principles confine the circumstances under which a district court may properly find excusable neglect, particularly in instances of mere "inadvertence, mistake, or carelessness."" *Id.* quoting *Pioneer,* 507 U.S. at 388. Claimant's stated "inadvertent and regrettable clerical error" therefore falls short of excusable neglect in the same way as the calendaring failure in *Symbionics*, which similarly stemmed from a filing one day after the expiration of time. *See also B & G Bldg. Maint., Inc. v. N.L.R.B.,* 123 F. App'x 551, 553–54 (4th Cir. 2005*)* (finding no error in Board's denial of motion to accept late filing that was one day late because "miscommunication among counsel about a filing deadline as lead counsel was leaving for vacation—does not amount to excusable neglect.")*.*

Claimant's reliance on *Palaxar Grp., LLC v. Williams*, No. 3:13-CV-641, 2014 U.S. Dist. LEXIS 36269, at *4 (E.D. Va. March 19, 2014) to support his argument that his failure is excusable neglect is not enough. *Palaxar* is readily distinguishable as delay in that case "was

caused in part by the complexity of the issues presented, the inclement weather, and the federal holiday." *Id.* at *2. Here, no such mitigating circumstances exist as the reason for delay. The *Palaxar* court even noted the "*most important factor*" for determining whether neglect is excusable "*is the reason for the delay in filing*[.]" *Id.* citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.,* 76 F.3d 530, 533-34 (4th Cir.1996) (emphasis added). Other factors include danger of prejudice, length of delay and potential impact, whether the delay was within the reasonable control of the movant and whether the movant acted in good faith. *Id.*

There is nothing in Claimant's motion to suggest that the neglect is excusable. He concedes that the matter was entirely within his control. And where the *Palaxar* court found that no prejudice resulted from filing a late *reply*, the same cannot be said for Claimant's failure to timely oppose Colonna's Shipyard motion. And these arguments distract from the main issue – that Oakey's Claims should be dismissed because they are legally unavailable and continued defense and motions practice is plainly prejudicial. The late filing and continuation of non-meritorious claims—barred as a matter of law—are especially prejudicial to Colonna's Shipyard where Claimant's untimely brief wholly ignores the dispositive documents in the original motion. *See* 33 U.S.C. § 905(b) ("…If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner *pro hac vice*, agent, operator, or charterer)…")."

## CONCLUSION

There is nothing extraordinary about the circumstances of the calendaring error that should relieve the claimant of his duty to comply with the time limits established by this

Honorable Court. Unlike in *Batton* where the party requested a series of extensions in advance of the deadline, Oakey did not. And as Judge Davis noted in *Batton*, if the excusable neglect standard is applied in this case, "it is hard to fathom the kind of neglect that would not be deemed excusable." *Batton*, at * at 11, *quoting Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000).

WHEREFORE, for the reasons set forth herein and in its Reply to Claimant's untimely memorandum in Opposition To Colonna's Shipyard's Motion to Dismiss (ECF 31), and in its Motion to Dismiss (ECF 24), Limitation Plaintiff Colonna's Shipyard, Inc., respectfully requests that this Court deny Claimant's motion for leave, strike the untimely Memorandum in Opposition (ECF 30), dismiss Oakey's claim with prejudice, enter judgment of exoneration in favor of Limitation Plaintiff Colonna's Shipyard, and award Limitation Plaintiff Colonna's Shipyard its fees and costs and all other relief that in the Court's judgment is warranted.

Dated: February 4, 2026

                              **COLONNA'S SHIPYARD, INC.**

                              */s/ Steven M. Stancliff*
                              Steven M. Stancliff (VSB No. 73853)
                              James J. Levantino (VSB No. 97082)
                              VENTKER HENDERSON STANCLIFF, PLLC
                              256 W. Freemason Street
                              Norfolk, VA 23510
                              Tel:   (757) 675-9464
                              Fax:  (757) 625-1475
                              sstancliff@ventkerlaw.com
                              jlevantino@ventkerlaw.com
                              *Counsel for Limitation Plaintiff*
                              *Colonna's Shipyard, Inc.*

## Certificate of Service

I hereby certify that on this date, February 4, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to all counsel of record:

Kevin Biniazan, Esq. (VSB No. 92109)
Lauren A. Martin, Esq. (VSB No. 93653)
Patrick LaBella, Esq. (VSB No. 101633)
BREIT BINIAZAN P.C.
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Tel: (757) 622-6000
kevin@bbtrial.com
lmartin@bbtrial.com
patrick@bbtrial.com
and

Adam H. Lotkin, Esq. (VSB No. 45588)
R. Maxwell Baker, Esq.
(VSB No. 100825)
RUTTER MILLS, LLP
160 W. Brambleton Ave.
Norfolk, VA 23510
Tel: (757) 622-5000
Adam.Lotkin@ruttermills.com
Max.Baker@ruttermills.com

*Counsel for Claimant Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased*

James L. Chapman, IV, Esq.
(VSB No. 21983)
K. Barrett Luxhoj, Esq. (VSB No. 86302)
Mackenzie R. Pensyl, Esq.
(VSB No. 100012)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Tel: (757) 623-3000
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
mpensyl@cwm-law.com

*Counsel for MARMAC, LLC d/b/a McDonough Marine Service*

**COLONNA'S SHIPYARD, INC.**

 /s/ Steven M. Stancliff
Steven M. Stancliff (VSB No. 73853)
VENTKER HENDERSON STANCLIFF, PLLC
256 W. Freemason Street
Norfolk, VA 23510
Tel:   (757) 802-3727
Fax:   (757) 625-1475
sstancliff@ventkerlaw.com
*Counsel for Limitation Plaintiff Colonna's Shipyard, Inc.*