UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
In Admiralty

| | |
|---|---|
| IN THE MATTER OF COLONNA'S ) <br> SHIPYARD, INC., AS OWNER PRO ) <br> HAC VICE AND OPERATOR OF ) <br> BARGE U 806, O.N., 1237946, FOR ) <br> LIMITATION OF LIABILITY ) <br> ) <br> *Limitation Plaintiff* ) | Case No.: 2:25-cv-00706 |

### DEFENDANT-IN-LIMITATION OAKEY'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DEEM HIS MEMORANDUM IN OPPOSITION TIMELY

COMES NOW the Claimant and Defendant-in-Limitation Kent Oakey, Administrator of the Estate of Kenneth Oakey, deceased, by counsel, and for his Reply in Support of his Motion to Deem his Memorandum in Opposition Timely, states as follows:

Claimant Oakey's counsel made an unfortunate and regrettable clerical error by inadvertently docketing a filing deadline one day late after receiving a Motion to Dismiss on December 30, 2025. That inadvertent error—which Claimant's counsel immediately sought to remedy when he became aware of it, and which does not expose Limitation Plaintiff to any prejudice—should not prevent this Court from deciding the Memorandum's underlying issues on the merits, particularly when this Court and the Fourth Circuit have a "strong preference" for doing just that. See Smith v. Montalvan, 723 F. Supp. 3d 454, 465-66 (E.D. Va. 2024) (citing Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010)).

On December 30, 2025, Colonna's filed a Motion to Dismiss the Claim of Kenneth Oakey's Estate, which arises from Mr. Oakey's death at Colonna's Shipyard.[1] On January 14, 2026,

---

[1] See Limitation Pl.'s Mem. in Supp. of Mot. to Dismiss Claim of Claimant Kent Oakey (Dec. 30, 2025), ECF 24.

1

Claimant's counsel filed a Memorandum in Opposition outlining Oakey's legal grounds opposing Colonna's dismissal.[2] In a footnote in its "Reply to Claimant Kent Oakey's Memrandum [sic] in Opposition," Colonna's informed the Court and Oakey's counsel that the January 14th Memorandum was one day late.[3] The next day, Claimant's counsel immediately sought to remedy that error, which was the result of inadvertently selecting the adjacent day on a calendar—and filed this Motion for Leave to Deem his Memorandum Timely.[4]

Local Rule 7(F)(1) required Claimant Oakey to file his Memorandum in Opposition by January 13, 2026. But Oakey's counsel inadvertently docketed his deadline as January 14th. This error was excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), and this Court has ruled as much in similar factual circumstances. See e.g., Palaxar Grp., LLC v. Williams, No. 3:13-CV-641, 2014 U.S. Dist. LEXIS 36269, at *4 (E.D. Va. March 19, 2014). Colonna's argues that the Palaxar Court explained that the "most important factor" for determining whether neglect is excusable is "the reason for the delay in filing." See Limitation Pl.'s Mem. in Opp. to Claimant Oakey's Mot. for Leave 4 (Feb. 4, 2026), ECF 36. There, the litigants were tardy, in part, because of the "complexity of the issues presented." Palaxar, 2014 U.S. Dist. LEXIS 36269 at *5. Such a finding by the Court implies a level of scienter on the part of the litigants—and the Court *still* found the error to be excusable. Such intent to evade the Local Rules is absent here. Indeed, this was truly the result of a benign docketing error, albeit one that should not have occurred in the first place.

---

[2] See Mem. in Opp. to Mot. to Dismiss (Jan. 14, 2026), ECF 30.

[3] See Limitation Pl.'s Reply to Claimant's Mem. in Opp. to Mot. to Dismiss 1, n.1 (Jan. 20, 2026), ECF 31.

[4] See Def. in Limitation Oakey's Mot. for Leave to Deem Mem. in Opp. Timely (Jan. 21, 2026), ECF 34.

Other factors employed by this Court and the Fourth Circuit to analyze whether neglect is "excusable" also weigh in favor of Claimant Oakey. As Colonna's acknowledges, other factors to be considered by the Court include "the danger of prejudice, length of delay and potential impact, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." Palaxar, 2014 U.S. Dist. LEXIS 36269 at *7 (citing Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996)). Here, there is no prejudice to Colonna's; the subject pleading was a *response* to a Motion. Accepting Claimant's pleading does not harm Colonna's or their underlying substantive rights. Moreover, Claimant's counsel's pleading was one day late, and immediately upon learning of his error, he attempted to address it with the Court. Such remedial measures further emphasize counsel's attempts to approach this issue in good faith, another factor that weighs in favor of Claimant Oakey.

Finally, even if counsel's neglect is not "excusable," then Claimant Oakey's Memorandum in Opposition should not be stricken because Colonna's has not filed an affirmative motion seeking that relief. See Fed. R. Civ. P. 27(a)(1) ("An application for an order or other relief is made by motion unless these rules prescribe another form. A motion must be made in writing unless the court permits otherwise.").

WHEREFORE pursuant to Local Rule 7(I) and Federal Rule of Civil Procedure 6(b)(1)(B), Claimant Oakey respectfully seeks leave from this Court to deem his Memorandum in Opposition to Limitation Plaintiff's Motion to Dismiss timely.

          **KENT OAKEY, Administrator of the Estate of**
          **KENNETH OAKEY, deceased,**
          ***Claimant,***
          ***Defendant-in-Limitation***

Dated: February 10, 2026

/s/ Kevin Biniazan
Kevin Biniazan, Esq. | VSB No. 92109
Lauren A. Martin, Esq. | VSB No. 93653
Patrick J. LaBella, Esq. | VSB No. 101633
BREIT BINIAZAN P.C.
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Phone | 757.622.6000
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com
Email | patrick@bbtrial.com

Adam H. Lotkin, Esq. | VSB No. 45588
R. Maxwell Baker, Esq. | VSB No. 100825
Rutter Mills, LLP
160 W. Brambleton Avenue
Norfolk, Virginia 23510
Phone | 757.777.7777
Adam.Lotkin@ruttermills.com
Max.Baker@ruttermills.com

*Counsel for Claimant,*
*Defendant-in-Limitation*

# C E R T I F I C A T E

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of electronic filing (NEF) to counsel of record.

Date: <u>February 10, 2026</u>

<u>/s/ Kevin Biniazan</u>
Kevin Biniazan, Esq. | VSB No. 92109
Lauren A. Martin, Esq. | VSB No. 93653
Patrick J. LaBella, Esq. | VSB No. 101633
BREIT BINIAZAN, P.C.
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Phone | 757.622.6000
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com
Email | patrick@bbtrial.com

*Counsel for Plaintiff*
